PER CURIAM.*
These consolidated cases present the question whether sentence may be enhanced on the basis of a guilty plea absent a showing that the defendant was advised, before the plea was entered, of his right to trial by jury or judge.
Defendant Gerard Edwards was convicted of aggravated battery, La.R.S. 14:34, on October 18, 1979. Defendant George Reese was convicted of two counts of armed robbery, La.R.S. 14:64, on November 14, 1979. In both cases the state filed bills of information charging that defendants, as multiple felony offenders, were subject to enhanced penalties under La.R.S. 15:529.1. Both defendants moved to quash the multi-pie bills on the ground that the prior guilty pleas underlying the charges were not adequately counselled. Finding no recorded waiver of the right to a trial by judge, the court agreed that the pleas could not be used to enhance sentence. We granted the state’s applications for writs to review the quashing of the informations.
The court concluded that defendants had been adequately advised of their right to trial by jury,[1] but not advised of the option of trial by judge. In its view, defendants, uncounselled on the latter opportunity, could not be deemed to have pleaded guilty intelligently and voluntarily. The trial judge is not required to inform the defendant that he is waiving a trial by judge alone when he pleads guilty.
Accordingly, the rulings granting defendants’ motions to quash are reversed and the cases are remanded for further proceedings consistent with this opinion.

 de la Houssaye, J. ad hoc, and Lemmon, J., not participating.

. There is no “magic word” formula for the requisite advice of rights. State ex rel. Leblanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).