412 So.2d 1025 (1982)
STATE of Louisiana
v.
James BANKS.
No. 81-KA-2037.
Supreme Court of Louisiana.
April 5, 1982.
*1026 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Clifford Strider, III, Charles P. Ciaccio, Louise Korns, John H. Craft, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Jasper Pharr, John M. Lawrence, New Orleans, for defendant-appellant.
DIXON, Chief Justice.[*]
Defendant, James Banks, was charged by bill of information with "receiving" stolen property, an automobile. R.S. 14:69. Defendant was tried before a judge alone and was found guilty as charged. Subsequently, the State filed a bill charging defendant as a multiple offender under R.S. 15:529.1. Defendant was sentenced as a double offender to serve five years imprisonment. It is from this conviction and sentence that defendant appeals.
On January 3, 1981 Jerry Warner, a New Orleans policeman, observed a 1977 Chevrolet Impala run a red light at Orleans and North Miro in New Orleans. He pursued the vehicle and had the driver (defendant) pull over to the side of the street. When defendant got out of the car, Officer Warner asked him for his driver's license. Defendant produced a temporary driver's license with no picture in the name of Joseph P. Templet. When asked his name, defendant could only tell the officer "Templet." He could not give a first name or a birth date. Defendant stated that the car belonged to him. A subsequent check revealed that the driver's license belonged to a white male, although defendant was a black male. Officer Warner then ran a check on the vehicle's license plate and discovered that the license plate did not belong on the vehicle defendant was driving, and that the vehicle had been stolen.
At trial, defendant took the stand, readily acknowledged that he had been driving the car, but stated that he had borrowed it from a friend, one John Cooks, and had no knowledge that it had been stolen. Cooks, he said, had gone to California and had left the car with him.
Templet testified that his car had been stolen on Canal Street on December 24, 1980 by a man who robbed him of his wallet and watch. Defendant, twice convicted of burglary (and once for criminal mischief after another burglary charge) stated that his friend had asked him to take care of the car two or three days after Christmas, 1980. His mother said he had the car on December 24, and his friend, Ms. Paul, said she saw him with the car about December 26. Defendant had used the car several times to transport family and friends.
Defendant attacks the exclusion of certain hearsay testimony, the sufficiency of the proof and the validity of the plea of guilty used to enhance the penalty.
Defendant's mother and friend were not permitted to testify about what defendant told them about his possession of the car. The exclusion of this testimony was *1027 erroneous, but harmless. Defendant's state of mind is an essential element of the offense. R.S. 14:69 provides in part:
"Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses."
Nevertheless, defendant's testimony was so thoroughly impeached that what he told his family and friends about how he obtained the car should not have affected the court's judgment.
The arresting officer testified that defendant said his friend told him to use Templet's temporary driver's license (with no photograph attached) if he should be stopped in the car. Along with the driver's license was Templet's insurance identification card, his fishing license, his Gulf Auto Club card and his social security card. These documents, if delivered to the defendant with the automobile, should have caused any reasonable person to believe that the car and the documents had been stolen. Defendant denied having made such a statement.
Viewing the evidence in the light most favorable to the State, any rational trier of fact could have readily found the defendant guilty beyond a reasonable doubt.
At the multiple offender hearing the State tried to use two prior offenses; the court excluded one. The objection to the other was that defendant had not been informed that he had the right to choose between a trial by judge or trial by jury. This is not a constitutional requirement for a valid plea of guilty. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Edwards, 384 So.2d 789 (La.1980). The plea of guilty is not invalid.
There is no merit in the assignments of error.
The conviction and sentence are affirmed.
NOTES
[*] Judges Burrell J. Carter, Felix H. Savoie, Jr. and Melvin A. Shortess of the First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Marcus and Dennis.