502 So.2d 246 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jimmy OURSO, Defendant-Appellant.
No. CR86-337.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Writ Denied May 8, 1987.
*248 Evelyn Oubre, Lake Charles, for defendant-appellant.
Richard Ieyoub, Dist. Atty., Saundra Isaac, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
Jimmy Ourso appeals his conviction of distribution of methamphetamine and his ten-year sentence.

FACTS
On July 7, 1983 an undercover narcotics agent with the Calcasieu Parish Sheriff's Department purchased two packets of methamphetamine from Jimmy Ourso. After a grand jury indictment, Ourso was convicted by a twelve-person jury of distribution of methamphetamine, a violation of LSA-R.S. 40:967(A)(1). He was adjudged a second felony habitual offender, and he was sentenced to ten years at hard labor. On appeal, Ourso cites errors allegedly committed at trial and during the sentencing proceedings.

ASSIGNMENT 1
The trial judge denied the defendant's motion for a post-verdict judgment of acquittal, in which the defendant claimed that the State had failed to prove that he was the perpetrator of the crime. Ourso appeals the denial.
The agent who purchased the drugs testified at trial that Jimmy Ourso was the seller. While he was never asked to point out the defendant as the same Jimmy Ourso, he stated that he saw Jimmy Ourso in the courtroom. In addition, when asked if he had encountered the defendant before, he stated that he had "known Jimmy Ourso since 1972."
Where the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. State v. Long, 408 So.2d 1221 (La.1982); State v. Richardson, 459 So.2d 31 (La.App. 1st Cir. 1984). LSA-C.Cr.P. art. 821 states that a post-verdict judgment of acquittal shall be granted only if the court finds that the evidence viewed in a light most favorable to the State does not reasonably permit a finding of guilty. On appeal, we must determine whether the record, viewed in the light most favorable to the prosecution is sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 441 So.2d 739 (La.1983).
Our review of the record convinces us that the evidence was sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was the perpetrator. The jury knew that Jimmy Ourso was on trial through the reading of the indictment. The undercover agent referred to the defendant as the same Jimmy Ourso who sold him drugs. A rational trier of fact could conclude beyond a reasonable doubt that the defendant on trial was the same Jimmy Ourso who sold drugs to the agent. The trial judge correctly denied the motion for acquittal.

ASSIGNMENT 2
The defendant contends that the trial judge erred in admitting into evidence the two packets of methamphetamine purchased by the agent, as there is an eightday "gap" in the chain of custody of the packets.
The police detectives who were at the scene of the crime placed the packets in a locked safe on the Saturday of the purchase. The following Monday morning, they turned the items over to the evidence *249 custodian of the Calcasieu Parish Sheriff's Office. On July 19, 1983 a technician who worked for the Southwest Louisiana Crime Lab checked out the evidence for analysis. He returned the packets on July 27, 1983. On the trial date, this technician was not employed by the crime lab, and he was not living in the Lake Charles area. Because he did not testify at trial, the defendant argues that the State failed to prove an adequate chain of custody, and that the evidence should not have been admitted, as its reliability and trustworthiness have not been established.
We reviewed the law on this subject in State v. Long, 473 So.2d 901, 903 (La.App. 3d Cir.1985):
"A continuous chain of evidence is not essential. State v. Sims, 426 So.2d 148 (La.1983). The law does not require that the evidence regarding chain of custody eliminate all possibilities that the demonstrative evidence has been altered. Rather, it is sufficient if the custodial evidence establishes that it is more probable than not that the object is the one connected to the case. Proof by a preponderance of the evidence is sufficient to establish this. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). Nonetheless, lack of positive identification or a deficiency in the chain of custody goes to the weight, rather than the admissibility of evidence. State v. Tonubbee, 420 So.2d 126 (La. 1982), cert. denied, 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983), rehearing denied, 462 U.S. 1146, 103 S.Ct. 3132, 77 L.Ed.2d 1381 (1983)."
In this case, the eight-day "gap" went to the weight, not the admissibility of the evidence. The packets introduced at trial bore the identification markings of the officers who handled them before the absent technician checked them out. The lab report prepared by that technician was admitted into evidence. The foundation laid by the State established the relevancy of the evidence. State v. Sims, 426 So.2d 148 (La.1983); State v. Drew, 360 So.2d 500 (La.1978). The judge did not err in admitting the packets into evidence.

ASSIGNMENT 3
Ourso argues that it was improper to use a prior guilty plea to enhance his sentence under LSA-R.S. 15:529.1, the habitual offender law, as only the minutes of the prior plea were considered, and those minutes fail to show adequate Boykinization.
On October 6, 1977 the defendant pleaded guilty to distribution of marijuana and possession of phencyclidine in East Baton Rouge Parish. The minutes of the arraignment show that Ourso was represented by counsel. They also reflect that "[i]n response to examination by the court, the accused stated that he waived his right against self-incrimination, his right to trial by jury, and his right to confront and cross-examine his accusers and the witnesses against him."
In order for a guilty plea to be constitutionally valid, there must be a contemporaneous record that evidence that the plea was made voluntarily and with a knowing waiver of the right to trial by jury, the right to confront accusers, and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Only when there is such a contemporaneous record establishing a valid guilty plea can the prior conviction be used to enhance a sentence under LSA-R.S. 15:529.1. Boykinization may be proved by either the transcript of the plea of guilty or by the minute entry. State v. Bland, 419 So.2d 1227 (La.1982); State v. Lewis, 367 So.2d 1155 (La.1979).
The State's use of the minute entry alone was sufficient to prove proper Boykinization. It reflects that in pleading guilty, the defendant was knowingly, intelligently and voluntarily waiving his rights.
Ourso further argues that the Boykinization was inadequate because the court in the 1977 proceeding did not explain that *250 his right against self-incrimination applied not only to his guilty plea, but also at trial. In State v. Bowick, 403 So.2d 673 (La. 1981), the Supreme Court expressly rejected this argument, and declined to add this distinction to the list of "warnings" required under State ex rel. Jackson. The defendant relies on State v. Robicheaux, 412 So.2d 1313 (La.1982) and State v. Martin, 382 So.2d 933 (La.1980). We find both cases distinguishable from the matter before us. In Robicheaux, the record and colloquy was devoid of any evidence that the defendant had been advised of his privilege against self-incrimination. The minutes here show clearly that the defendant was told of his privilege, and that he waived it. In Martin, the judge advised the defendant of his "right to remain silent" in such an ambiguous manner that it was impossible for the reviewing court to determine if the defendant knew he was waiving his trial right, as well as his right at the hearing. In this case the minutes are not ambiguous, and it can clearly be inferred from the minutes that the defendant had knowledge that his privilege was applicable at trial.
In sum, the 1977 guilty plea was properly used to enhance Ourso's present sentence.

ASSIGNMENT 4
The defendant contends that fingerprint cards from his previous arrest should not have been admitted to establish his status as a second offender, because the certification does not indicate that the certifier was the legal custodian of the documents.
At the hearing, Lt. Janel Brumfield, Supervisor of Criminal Records for the East Baton Rouge Sheriff's Department, presented four pages that were admitted as a single exhibit. Although the matter was not explained at the hearing, it appears that the first page was a copy of an original document on file in the Sheriff's Department, while the other three pages were copies of copies of State Police records. The first page bears the signature of a Ms. Kent, Deputy Clerk of Court. The other three pages are certified by a deputy secretary in the office of the State Police. Neither of these "certifiers" testified at trial. Lt. Brumfield stated that it was her job to maintain the sheriff's records, and she made the copies from documents under her control. She said that the reproductions were true copies of the original documents, and she signed a notation to that effect.
LSA-R.S. 15:457 states:
"A copy of a document, certified to by the officer who is the legal custodian of the same is equivalent to the original in authenticity; but the certificate of an officer to any matter not under the general powers vested in him is no evidence at all."
Generally, if an official writing is proved to come from the proper office where such documents are kept, the document will be authenticated as genuine by the certification of the custodian because of the presumption that he will carry out his duty to receive, record and certify only genuine official papers and reports. State v. Nicholas, 359 So.2d 965 (La.1978).
The State presented a fingerprint expert who compared the prints on the first page of the exhibit, dating from the 1977 arrest, to prints taken at the time of Ourso's arrest in this matter. This first page originated in the Sheriff's Department, and was certified as a true copy of the original by Lt. Brumfield, custodian of the records. We feel that this copy was admissible. Since the other pages, State Police records of which the Sheriff's Department apparently only had copies, were not used to establish Ourso's second-offender status, we need not discuss their admissibility, as any deficiency in their certification would have constituted at most as harmless error.

ASSIGNMENT 5
The defendant contends that he was denied due process when the sentencing judge read aloud from a rap sheet prior to sentencing the defendant when the defendant had not been provided a copy of this *251 document. The transcript of the sentencing hearing shows that the judge read from a document which he referred to as "a record of your activities with the law dating to 1982." The judge then proceeded to question defendant on whether he had committed various crimes included on this list. Defendant admitted committing some crimes but denied others listed therein. Defense counsel objected to the court's use of this document because it had never been provided for inspection to defendant.
Due process and fairness values require a sentencing court to disclose data unknown to the defendant on which the court relies in exercising its sentencing discretion, with exceptions made for irrelevant or confidential matters. State v. Bosworth, 360 So.2d 173 (La.1978). Additionally, the defendant should be afforded an opportunity to deny or explain prejudicial information otherwise secret to the sentencing judge. State v. Telsee, 388 So.2d 747 (La.1980); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983). However, no full-scale evidentiary hearing is required at the sentencing hearing at which the defendant is given an opportunity to deny or explain adverse information which is prejudicially false or misleading. Telsee, supra; Bosworth, supra. To avoid remand to determine the basis for sentence, the trial judge should inform a defendant of the considerations taken into account and the factual basis for them in imposing sentence, and also allow the defendant an opportunity to rebut or explain unfavorable facts. State v. Brown, 440 So.2d 994 (La. App. 3d Cir.1983), writ den., 444 So.2d 120 (La.1984). Defense counsel must request review of the report and, in the event of a denial, must show the report relied upon by the trial judge contained false information prejudicial to the defendant. Brown, supra.
The sentencing judge here informed Ourso of the crimes listed on the rap sheet, and the defendant was given an opportunity to deny or explain the alleged prior convictions. Defense counsel did not request to view the documents; she objected only on grounds that the defendant was not given the documents before the sentencing disposition. Additionally, the defendant did not show any prejudice caused by any false information relied upon by the judge. Since no full-scale evidentiary hearing is required, and defendant was given and accepted the opportunity to deny such charges, his due process rights were not violated.

CONCLUSION
We find no merit to any of the defendant's assignments of error, and we affirm his conviction and sentence.
AFFIRMED.