CRAIN, Judge.
Tyrone Fitzgerald Thomas was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60. He pled not guilty and was tried by jury, which returned a responsive verdict of guilty of simple burglary. Defendant was subsequently charged, adjudged and sentenced as a Third Felony Habitual Offender. The court sentenced defendant to imprisonment at hard labor for a term of twenty-four years. He has appealed, urging four assignments of error.[1]
The record reflects that the instant offense occurred on April 9, 1987, at approximately 4:00 a.m. The victim of the offense was Wendy Lynn Darden. Darden resided in a camper trailer.
Darden testified that she was awakened from her sleep at about 4:00 a.m., when she heard a noise in her trailer. She had been expecting a girlfriend to come to her home at any time. Darden got out of bed and walked to her front door. She discovered that the solid outer door of her trailer had been opened. Defendant was standing apparently inside the door frame, and he was apparently ready to come inside the trailer. Defendant asked Darden if she “wanted to make thirty bucks.” She replied in the negative and told defendant to leave. Defendant did not leave and instead began to struggle with Darden to open the inner door to her residence, a screen door. Dar-den pulled back on the screen door and began yelling for her neighbor, Henry Do-herty. Despite Darden’s efforts to prevent defendant from opening the door, defendant succeeded and entered the trailer.
Once defendant gained entrance, the struggle continued inside the door area. However, the victim shifted her efforts from repelling the entrance of defendant to exiting the trailer. While fighting with defendant, Darden grabbed hold of the outer side of the trailer and managed to pull herself outside.
Defendant apparently followed Darden outside. Defendant picked her up, and while holding her, began to beat her head against a pole or post. Throughout the *1152 incident, Darden screamed as loudly as she could for Henry.
Upon hearing his name repeatedly called, Henry probably awoke. He looked outside his trailer and saw defendant struggling with the victim near her trailer. Defendant was pulling Darden to a darker area to the rear of the trailer. Henry went outside and asked: “What’s going on?” At that point, defendant released Darden and Darden ran into Henry’s trailer.
Darden and Henry went to another nearby residence to telephone the police. Soon after the offense, Henry saw defendant go behind one of the trailers, before defendant was observed fleeing the scene on a bicycle.
Shortly after the police were summoned, they apprehended defendant. Defendant was then brought back to the crime scene, where Darden and Henry Doherty each identified defendant as the perpetrator. Later at trial, both witnesses made in-court identifications of defendant.
ASSIGNMENT OF ERROR NO. ONE:
By means of this assignment, defendant contends that evidence of other crimes, introduced during the prosecutor’s direct examination of St. Mary Parish Deputy Sheriff Ray Brennan, prejudiced him and constituted reversible error.
The record reveals that, during direct examination, Brennan testified he investigated the scene of the instant offense. Inside the victim’s trailer he found loose coins and outside the trailer he found pieces of glass, a pack of Kool cigarettes and three blank checks. Brennan testified that the blank checks bore the name of M & M Drive-In. He stated that it was learned that the M & M Drive-In had also been burglarized. In further testimony on direct examination, Brennan stated that loose change had been taken from the M & M Drive-In and that defendant had loose currency in his possession.
Following the elicitation of the foregoing testimony and out of the presence of the jury, defense counsel made his initial and only objection to the testimony by stating that he was making a “general objection” to the testimony as evidence of other crimes. At that juncture, the following exchange occurred:
BY THE COURT:
Well, I don’t know what you mean by a general objection to it, Mr. Thomas. What do you want me to do? The Jury has already heard the evidence, and the evidence, as you say, is suggestive of the commission of other crimes.
But what do you want me to do? I cannot rule on your objection unless I make some effort to admonish the Jury to disregard that evidence. To do so may very well call their attention to and emphasize the very evidence which you do not want them to be impressed with.
BY MR. THOMAS:
And I think that is what I want. Just for me to make an objection to it. And, I don’t wish you to admonish the Jury at all about it. I just want to make an objection for the record.
BY THE COURT:
Alright. I am not going to rule on your objection because it comes too late.
BY MR. THOMAS:
Yes.
BY THE COURT:
But I will let whatever you say be made a part of the record.
BY MR. THOMAS:
Okay. Thank you.
In our view, notwithstanding the trial court’s statement that it would not rule on defendant’s objection and defendant’s apparent acquiescence in that statement, the comments of the court preceding the statement were tantamount to a ruling sustaining defense counsel’s objection. When an objection is sustained and no request for a mistrial or admonition is made at trial, the defendant cannot complain of the alleged error on appeal. State v. Michel, 422 So.2d 1115 (La.1982). Defendant did not request a mistrial. In response to the trial court’s inquiry as to what action defense counsel desired of the court, defense counsel specifically stated that he did not want the trial *1153 court to admonish the jury to disregard the alleged objectionable testimony and that he “just” wanted to make an objection for the record. Under these circumstances, even if the comments of the trial court did not amount to a ruling sustaining defense counsel’s objection, we conclude that defendant waived any right to raise these issues on appeal.
This assignment lacks merit.
ASSIGNMENT OF ERROR NOS. TWO AND THREE:
By means of these assignments, defendant contends that the evidence was insufficient to convict him of simple burglary, because the state failed to prove he had the requisite specific intent for the crime.
Initially, we note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime and defendant’s identity as the perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673 (La.App. 1st Cir.1984); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
Concerning circumstantial evidence, La. R.S. 15:438 mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” This test is not purely separate from the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. “Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.” State v. Garcia, 483 So.2d 953, 956 (La.1986).
La.R.S. 14:62 provides in pertinent part as follows: “Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.”
The crime of simple burglary requires a specific intent to commit either a felony or a theft at the time of the unauthorized entry. State v. Jones, 426 So.2d 1323 (La.1983). However, “[sjpecific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant.” State v. Moore, 477 So.2d 1231, 1234 (La.App. 1st Cir.1985), writs denied, 480 So.2d 739, 741 (La.1986).
“We must look to the inferences made by the trier of fact based on circumstantial evidence and these inferences need only exclude all reasonable hypotheses, not every possible theory, of innocence.” Id. at 1234. Our review of the record convinces us that this standard has been met in the instant case.
Steven Gray Evans, who lived in the same general area as the victim, was awakened as a result of the incident. He testified that he ran to Darden’s trailer and observed defendant riding away on a bicycle. Evans also observed that the victim’s trailer had a broken glass window. Shortly before the incident, Evans had walked through the area, and at that time the window was not broken.
The victim testified that she did not hear the glass break but that she heard a noise at her door. When the victim went to the door, she discovered that defendant had opened the solid outer door of her trailer. Defendant was standing there, apparently ready to come inside. Defendant asked the victim if she “wanted to make thirty bucks.” She gave him a negative response and told him to leave the premises. Defen *1154 dant spoke no other words throughout the incident.
After the victim told defendant to leave, an intense struggle between the two began when defendant proceeded to open the inner door to the victim’s trailer. The victim began screaming as loudly as she could for Henry Doherty. During the struggle, defendant forced his way a short distance into the trailer. The struggle continued as the victim succeeded in grabbing the door frame and pulling herself to the outside in her apparent effort to escape from defendant. Once outside, defendant picked up the victim, held her, and began beating her head against a post or pole, before he began dragging her toward a darker area to the rear of the trailer. At that time, Henry Doherty came outside his trailer and asked defendant “what was going on.” Defendant then released the victim, allowing her to seek refuge in Doherty’s trailer. Shortly thereafter, defendant fled the scene on a bicycle. “Flight and attempt to avoid apprehension indicates consciousness of guilt, and therefore, is one of the circumstances from which a juror may infer guilt.” State v. Fuller, 418 So.2d 591, 593 (La.1982).
After reviewing the jurisprudence and the facts of this case, we conclude the evidence herein is sufficient to allow any rational trier of fact to infer beyond a reasonable doubt that defendant had the specific intent to commit a theft or felony in the premises. Defendant struggled with the victim and forcibly entered her residence during the early pre-dawn hours of the day. The entry was very brief in duration and defendant succeeded in gaining entry only a short distance inside the trailer, which provided defendant with little, if any, opportunity to steal. While inside the victim’s residence, the struggle between the victim and defendant continued. The victim pulled herself to the outside as she sought safety from defendant. Defendant followed her outside, as the struggle continued. After beating the victim’s head against a post or pole, defendant began dragging the victim into a darker area to the rear of her trailer. Only when his actions were interrupted by Henry Doherty did defendant release the victim. At the beginning of the encounter, in his only words to the victim, defendant had asked her “if she wanted to make thirty bucks.” These circumstances support a fact-finder’s conclusion that defendant entered the victim’s home with the intent to commit a theft or a forcible sexual offense. “All forcible sexual offenses are felonies.” State v. Williams, 490 So.2d 255, 261 (La.1986), cert. denied, — U.S. -, 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987).
These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. FOUR:
By means of this assignment, defendant contends that the trial court erred by adjudicating him a Third Felony Habitual Offender. In support of his contention, defendant argues only that the state failed to prove that his guilty pleas to the predicate offenses relied upon by the state had been entered voluntarily and with a knowing waiver of constitutional rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The bill of information charging defendant as a Third Felony Habitual Offender sets forth the predicate convictions, excluding the instant conviction, to wit:
(1) November 9, 1982, guilty pleas to three counts of simple burglary committed on February 15, 1982; March 27, 1982 and April 5, 1982; and
(2) An August 18, 1986, guilty plea to simple burglary committed on June 1,1986.
In order for a guilty plea to be constitutionally valid, there must be a contemporaneous record that evinces that the plea was made voluntarily and with a knowing waiver of the right to trial by jury, the right to confront accusers, and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Halsell, 403 So.2d 688 (La.1981). Only when there is such a contemporaneous record establishing a valid guilty plea can the prior conviction be used to enhance a sentence under La.R.S. 15:529.1. State v. Ourso, 502 So.2d 246, 249 (La.App.3rd Cir.), writ denied, 505 So.2d 1138 (La. *1155 1987). “While a colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensible when the record contains some other affirmative showing of proper waiver.” State v. Nuccio, 454 So.2d 93, 104 (La.1984). Proper waiver may be shown by either the transcript of the plea of guilty or by the appropriate minute entry. State v. Bland, 419 So.2d 1227 (La.1982).
At the multiple offender hearing in the instant case, the state introduced into evidence state exhibits one and two, which included copies of the official minutes of court, which pertained to each of the guilty pleas to the predicate offenses. Defendant did not contest the accuracy of the minute entries. The minutes show that, at the time defendant entered each of his guilty pleas, he waived his privilege against self-incrimination, right to jury trial and right to confront his accusers. Hence, we find that the state’s proof of proper waiver was sufficient.
This assignment lacks merit.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant included, in his discussion in brief regarding the alleged insufficiency of the evidence, an additional argument not formally assigned as error. In that additional argument, defendant attacks the validity of the jury instructions given by the trial court in regard to the crime of attempted forcible rape. However, in accord with the well-established jurisprudence of the Louisiana Supreme Court under the provisions of La.C.Cr.P. arts. 844 and 920, this Court will not consider any argument which is neither assigned as error nor related to error patent on the face of the record. See State v. Spears, 350 So.2d 603 (La.1977); State v. Overton, 337 So.2d 1201 (La.1976). Furthermore, La.C.Cr.P. art. 801 prohibits a party from assigning as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the error. Herein, defendant made no such objection.