637 So.2d 515 (1993)
STATE of Louisiana
v.
Edwin DELANOIX.
No. 92 KA 1705.
Court of Appeal of Louisiana, First Circuit.
August 9, 1993.
Doug Moreau, Dist. Atty. by Wick Cooper, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
James L. Piker, G. Stephen Covert, Baton Rouge, for defendant/appellant.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Defendant, Edwin Delanoix, was charged by bill of information with third offense DWI, a violation of LSA-R.S. 14:98. Defendant waived formal arraignment and entered a plea of not guilty. Thereafter, defendant filed a motion to quash the bill of information, arguing only that one of the two predicate DWI convictions relied on by the state could not be used for enhancement of the instant offense. Following a hearing on the motion, the trial court denied the motion. Subsequently, defendant withdrew his plea of not guilty and entered a plea of nolo contendere to the charge of third offense DWI, reserving his right to appeal the denial of the motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to imprisonment at hard *516 labor for a term of two years. However, in suspending the sentence, the court placed defendant on supervised probation for two years (subject to various conditions) and ordered that defendant serve a six-month term of incarceration in the parish jail. Defendant appeals, alleging in a single assignment of error that the trial court erred by denying his motion to quash.
The facts of the instant offense, as related by the prosecutor during the arraignment proceeding at which defendant entered the nolo contendere plea, are as follows. On or about April 21, 1991, defendant was observed operating a motor vehicle on Airline Highway near Old Hammond Highway in East Baton Rouge Parish. After the vehicle was seen traveling outside its lane several times, it was stopped. The police then came into contact with defendant, detected an odor of alcohol about his person, noticed that his balance was impaired, and administered a field sobriety test. Subsequently, a breathalyzer test was administered; defendant registered a .13% on the breathalyzer test.
The two prior convictions relied on by the state to enhance the instant offense are set forth in the bill of information, as follows:
(1) A March 30, 1988 DWI conviction in Baton Rouge City Court under docket number XX-XXXXXXX.
(2) A December 4, 1989 guilty plea to DWI in Denham Springs City Court under docket number 93467.
The motion to quash contested the use of the December 4, 1989 predicate guilty plea, alleging improper Boykinization at the time of entry of the plea and praying that the bill be quashed on that basis. At the hearing on the motion to quash and on appeal defendant argues, inter alia, that the record of the predicate guilty plea shows that the judge who accepted the predicate guilty plea did not properly advise defendant of one of his Boykin rights, the right to trial.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192, 1196 (La. 1981). It is the state's burden to show that the defendant knowingly and expressly waived his Boykin rights when entering this guilty plea. State v. Santiago, 416 So.2d 524, 526 (La.1982). To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript of the plea or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). However, a guilty plea-rights waiver form, even if well-executed and complete in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights. State v. Carson, 527 So.2d 1018, 1020 n. 3 (La.App. 1st Cir.1988); State v. Baker, 471 So.2d 945, 948 (La.App. 2nd Cir.1985).
During the hearing on defendant's motion to quash, defense counsel stated that for purposes of appeal, he wanted to introduce Defense Exhibit D-1 in evidence; without objection, it was introduced. D-1 consists of photocopies of certified copies of portions of the record of the challenged predicate, specifically, the transcript of the arraignment proceeding, a guilty plea-rights waiver form, and a pre-printed, fill-in-the-blank, single-page document which apparently purports to set forth the minute entries pertaining to the plea.[1]
The transcript of the arraignment proceeding on December 4, 1989, (the contemporaneous record of that proceeding) reveals that the plea was to a first offense DWI and that in Boykinizing defendant the city court judge stated, in pertinent part, the following:

*517 I am going to advise all of you of your legal and constitutional rights. And, then, when I call you back up individually, I will ask you if you understand the rights and if you have any questions.
Number one, you have the right to be represented by a lawyer of your choice, but if you cannot afford a lawyer, you have the right to be represented by a court-appointed lawyer at no cost to you.
Number two, you have the right to have your guilt proven by the state prosecutor beyond a reasonable doubt.
Number three, you have the right to remain silent or you may voluntarily testify if you so desire.
Number four, you have the right to be tried by a jury under certain cases at no cost to you.

Number five, you have the right to be confronted by (sic) your accusers. Number six, you have the right to cross examine and ask questions of any witness who testifies against you. Number seven, you have the right to have witnesses subpoenaed in order to come to court to testify for you. Number eight, you have the right to plead guilty, not guilty, or no contest. Number nine, you have the right to appeal any conviction against you.
Number ten, you should understand that if you plead guilty, you waive all of those legal and constitutional rights. That's the most important. [Emphasis ours.]
Because this predicate was a first offense DWI, the offense was not triable by a jury. See LSA-R.S. 14:98B; LSA-C.Cr.P. art. 779. Thus, the proper advice to give defendant was that he had a right to trial, albeit a bench trial. However, we conclude that the error was harmless since the defendant's waiver of the jury trial reasonably can be considered a waiver of a bench trial. State v. Banks, 412 So.2d 1025 (La.1982); State v. Edwards, 384 So.2d 789 (La.1980).
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] This preprinted, fill-in-the-blank, single-page document is not a copy of a true minute entry, and, thus, is not a contemporaneous record of the prior proceeding. See State v. Longo, 560 So.2d 530, 533 (La.App. 1st Cir.1990).