694 So.2d 284 (1995)
STATE of Louisiana
v.
Eddie DEJEAN.
No. 94-KA-459.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
Writ Denied May 17, 1996.
*285 John M. Mamoulides, District Attorney, Alison Wallis, Assistant District Attorney, Gretna, for Plaintiff-Appellee.
Bruce G. Whittaker, State Appellate Counsel, Indigent Defender Board, Gretna, for State.
Before DUFRESNE, CANNELLA, JJ., and REMY CHIASSON, J. Pro Tem.
REMY CHIASSON, Judge, Pro Tem.
The Jefferson Parish District Attorney filed two bills of information on November 16, 1993, charging defendant, Eddie Dejean, with armed robbery, LSA-R.S. 14:64, (district court number 93-5980, appellate court number 94-KA-459), and simple kidnapping, LSA-R.S. 14:45, (district court number 93-5981, appellate court number 94-KA-460).[1] At the November 24, 1993 arraignment, defendant pled not guilty.
Thereafter, on April 18, 1994, defendant withdrew his former pleas of not guilty and pled guilty as charged to both offenses. In accordance with the plea agreement, the trial judge sentenced defendant to thirty (30) years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge and to five (5) years at hard labor on the simple kidnapping charge. The judge ordered these sentences to run concurrently.[2]
On April 19, 1994, defendant filed a Motion for Appeal, assigning as error the trial court's acceptance of appellant's guilty plea where the plea colloquy was not recorded, was not conducted in open court, and was in fact "off the record." The defendant also asks this court to review the record for errors patent. After review of the record, we vacate defendant's guilty plea and remand the matter to the trial court for proceedings consistent with this opinion.
On the date defendant pled guilty, the State placed the following facts on the record:
Eddie Dejean and a man by the name of Randolph Angelone (phonetic), who is twenty-three (23) years old, at gunpoint kidnapped and arm robbed Michelle Hebert *286 and Chad Cogan (phonetic) from a car wash here on the West Bank;
Mr. Angelone, the Co-Defendant, was armed with a .380 semi-automatic pistol that once inside of the vehicle, Mr. Dejean put Chad Cogan in the back seat with Mr. Angelone;
That upon entering the vehicle, Mr. Dejean rifled through Michelle Hebert's purse and took her bracelet from her person;
That during the course of the armed robbery, the Co-Defendant, Randolph Angelone, struck Chad Cogan on the back of his head with the pistol, and that money was taken from Chad Cogan's wallet by Randolph Angelone;
That the entire time they were in the vehicle, Mr. Dejean and Randolph Angelone conferred back and forth on what to do and how to proceed next;
That they were both willing and voluntary participants in the kidnapping and the armed robbery;
That it was Mr. Dejean and Mr. Angelone's plan to take them to Avondale, however, my victims have told me that they feared for their lives, and they thought they would be killed in Avondale.
But the victim, Michelle Hebert, took a wrong turn into an area that everyone was unfamiliar with.
At that point, after conferring, Mr. Dejean and Mr. Angelone kicked them out of the car and took off in the car.
Thereafter, they were arrested and Mr. Dejean gave a statement concerning his participation in the armed robbery and handed over the victim's wristwatch that was taken during the armed robbery, that was given to him by Randolph Angelone.
By his assignment of error, defendant complains about the procedure employed in accepting his guilty plea. Specifically, defendant complains that the waiver of rights form, particularly in view of the off-the-record colloquy and the lack of a minute entry in support of the plea, simply cannot be sufficient support of his guilty plea. Defendant contends that such a procedure is unauthorized by law and renders his plea invalid. In the alternative, defendant suggests that this court remand the matter to the trial court for a hearing to determine the appropriateness of the guilty plea proceeding.
In contrast, the state contends that the documents contained in the record are sufficient proof that defendant's guilty plea was entered freely and voluntarily.
A guilty plea will not be considered valid unless the plea was a free and voluntary choice on the part of the defendant. State v. Nuccio, 454 So.2d 93 (La.1984). Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. There also must be an express and knowing waiver of those rights, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. State v. Nuccio, supra. While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Halsell, 403 So.2d 688 (La.1981); State v. Nuccio, supra.
It is the state's burden to show that defendant knowingly and expressly waived his Boykin rights when entering his guilty plea. State v. Santiago, 416 So.2d 524 (La. 1982); State v. Delanoix, 92-1705 (La.App. 1 Cir. 8/9/93), 637 So.2d 515. To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript or the minute entry. State v. Bland, 419 So.2d 1227 (La. 1982); State v. Delanoix, supra. However, a guilty plea-rights waiver form, even if well-executed and complete in every detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights. State v. Delanoix, supra.
In the present case, there does not appear to be a contemporaneous record of the guilty plea proceedings. There is an *287 acknowledgment of constitutional rights-waiver of rights form contained in R. No. 94-KA-459. The waiver of rights form indicated that defendant was represented by an attorney and that the attorney advised defendant of his rights. Defendant placed his initials next to numerous rights signifying that he had been advised of his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. In addition, the rights form is signed by defendant, his attorney, and the trial judge acknowledging that defendant had been advised of his rights and further that defendant was entering his plea knowingly and voluntarily. Although there is a waiver of rights form, there is no minute entry contained in the record for the guilty plea proceedings. Nor is there a transcript which shows a colloquy between defendant and the trial judge concerning defendant's guilty plea and the waiver of his constitutional rights. In fact, in response to a Motion to Supplement the Record with the transcript of the guilty plea proceedings, the court reporter responded: "[a]fter due and diligent search of the record in the above captioned matter, it shows the boykin in the record to be self explanatory and was done at a pre-trial in the Judge's chambers and not in open court on the record." The only mention in the record about defendant's constitutional rights, other than the waiver of rights form, is contained in the hard labor sentencing form which states generally that: "[t]he Court advised the Defendant of his/her rights. The Defendant waived these rights and a Waiver of Rights was executed and filed into the record."
Although the waiver of rights form appears to have been well-executed, under the prevailing jurisprudence that form alone is not sufficient to show a knowing and voluntary waiver of defendant's constitutional rights. State v. Delanoix, supra. Therefore, based on the record before this court, and especially in light of the fact that defendant was 16 years old at the time, it appears that defendant's guilty plea is invalid as there is not sufficient proof as to his knowing and voluntary waiver of his constitutional rights prior to the entry of his guilty plea.
We distinguish State v. Tucker, 405 So.2d 506 (La.1981), where, in the context of a multiple offender proceeding, the court held that a minute entry concerning an abbreviated colloquy along with a well executed waiver of rights form signed by defendant, his attorney, and the trial judge constituted a sufficient affirmative showing in the record that defendant knowingly and intelligently waived his right to trial by jury, right to confront his accusers and privilege against compulsory self-incrimination. Therefore, the court concluded that the defendant's prior guilty plea could be used as a basis for sentence enhancement pursuant to LSA-R.S. 15:529.1. In accord, see State v. Lewis, 557 So.2d 1019 (La.App. 4 Cir.1990), writ denied, 564 So.2d 316 (La.1990); and State v. Thompson, 539 So.2d 1008 (La.App. 4 Cir. 1989), writ denied, 544 So.2d 399 (La.1989).
We also distinguish State v. Ourso, 502 So.2d 246 (La.App. 3 Cir.1987), writ denied, 505 So.2d 1138 (La.1987), where, in the context of a multiple offender proceeding, a minute entry alone was found to be sufficient to prove the validity of defendant's guilty plea to prior offense and therefore, the plea could be used to enhance defendant's sentence pursuant to LSA-R.S. 15:529.1. In State v. Ourso, supra, the minute entry reflected that in pleading guilty defendant was knowingly, intelligently, and voluntarily waiving his rights. The minutes of the arraignment showed that Ourso was represented by counsel. The minutes also reflect that "[i]n response to examination by the court, the accused stated that he waived his right against self-incrimination, his right to trial by jury, and his right to confront and cross-examine his accusers and the witnesses against him."
Accordingly, for the reasons assigned above, we vacate defendant's guilty plea and remand the matter to the trial court for proceedings consistent with this opinion. Because of this holding, error patent discussion is moot.
VACATED AND REMANDED.
NOTES
[1] It is noted that these two cases have not been formally consolidated for appeal purposes. However, they are companion cases and arise out of the same incident. Moreover, both defense counsel and the state have filed only one appellate brief to address both cases.
[2] The transcript indicates that defendant was sentenced on May 18, 1994; however, the hard labor sentencing form shows that he was sentenced on April 18, 1994. Since the motion for appeal was filed on April 19, 1994, it would appear that the correct date of sentencing was April 18, 1994.