720 So.2d 1248 (1998)
STATE of Louisiana
v.
Marvin URSIN.
No. 98-KA-435.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1998.
*1249 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for Plaintiff-Appellee.
Sandra Jenkins, New Orleans, for Defendant-Appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
The Jefferson Parish District Attorney filed a bill of information charging the defendant, Marvin Ursin, with eleven counts of distribution of cocaine, in violation of LSA-R.S. 40:967 A. Although defendant originally pled not guilty, he later withdrew that plea, and pled guilty as charged to the eleven counts.[1] In accordance with the provisions of the plea agreement, the court sentenced defendant to ten years imprisonment at hard labor on each count, with credit for time served. The court ordered that the sentences run concurrently.
The state thereafter filed a bill of information seeking to have defendant adjudicated and sentenced as a second felony offender pursuant to the provisions of LSA-R.S. 15:529.1. At the multiple offender hearing, the defendant stipulated to being a second felony offender, as to count one only. The court then vacated the original sentence as to count one and sentenced defendant as a second felony offender to fifteen years at hard labor with credit for time served. This sentence was ordered to run concurrently with the other ten sentences and with any other sentences that defendant was currently serving. The defendant then filed a motion for reconsideration of sentence, which was denied by the trial judge. He now appeals.
In his first assigned error, defendant complains that his guilty pleas were not a knowing and voluntary waiver of his constitutional rights. He does not deny that he was advised of his rights, but rather complains about the timing of the discussion of his rights during the plea proceedings. Specifically, defendant claims that his admission to the trial court of the crimes contained in the bill of information was not a knowing and voluntary waiver of his constitutional rights because his admission was not preceded by an explanation in open court of his Fifth Amendment privilege against self-incrimination.
A guilty plea will not be considered valid unless the plea was a free and voluntary choice on the part of the defendant. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Dejean, 94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284, writ denied, 96-0547 (La.5/17/96), 673 So.2d 608. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. There also must be an express and knowing waiver of those rights, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. State v. Nuccio, supra; State v. Dejean, supra.
The state has the burden to show that defendant knowingly and expressly waived his Boykin rights when entering his guilty plea. State v. Santiago, 416 So.2d 524 (La. *1250 1982). To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceeding, i.e. either the transcript or the minute entry. State v. Bland, 419 So.2d 1227 (La.1982); State v. Dejean, supra.
The Louisiana legislature has codified these requirements in Louisiana Code of Criminal Procedure Article 556.1 which states, in part, as follows:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
* * * * * *
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
We have thoroughly reviewed the record, including the transcript from the plea proceedings. We reject the arguments raised by defendant concerning the timing of the discussion of his rights during the plea proceedings. We find that defendant knowingly and voluntarily waived his constitutional rights prior to the entry of his guilty pleas. The record indicates that prior to the actual hearing, defense counsel completed a waiver of rights form with defendant. The form, which was signed by the trial judge, the defendant, and the defense counsel, specifically informed defendant of his right to trial by jury, his right to confront his accusers, and his right to remain silent. In addition to the execution of this form, the trial judge personally addressed defendant in open court. The trial judge advised defendant of the nature of the charges to which he was pleading, the possible penalties, and the actual penalties which would be imposed upon acceptance of the pleas. The judge then specifically advised defendant that he had the right to a trial by jury, the right to be presumed innocent until the district attorney proved his guilt beyond a reasonable doubt, the right to force the district attorney to call witnesses who under oath would testify against him at a trial and to have his attorney ask questions of those witnesses, the right to testify himself at a trial, or to remain silent, the right to present his own witnesses and/or evidence that would be helpful or favorable to his case, and the right to appeal any verdict of guilty that might be returned against him at a trial. The judge made clear to defendant that by pleading guilty, he was waiving or giving up these rights. Throughout these proceedings, defendant indicated that he understood his rights and wished to waive those rights and enter a plea of guilty. The defendant also conveyed to the court that he was satisfied with the representation of his attorney, and further that no one forced, threatened, or coerced him into entering the pleas. Defense counsel also advised the court that he was satisfied that defendant understood the nature and the consequences of the pleas. After personally advising defendant of his rights and being satisfied that he understood his rights and wished to waive them, the trial judge then accepted the pleas of guilty. Although defendant indicated his intent to plead guilty at the beginning of the proceedings, that plea was not accepted until a full colloquy occurred between the defendant and the trial judge. Accordingly, we find that defendant knowingly and voluntarily waived his constitutional rights prior to the entry and subsequent acceptance of his guilty pleas to the distribution of cocaine charges.
In his second assigned error, defendant complains that his admission to the multiple offender bill of information was not a knowing and voluntary waiver of his right to remain silent because he admitted to the predicate felony prior to being informed of his right to remain silent. Once again, defendant does not deny that he was advised of his rights, but rather complains about the timing of the discussion of those rights.
In State v. Johnson, 432 So.2d 815 (La. 1983), writ granted, 438 So.2d 1113 (La.1983), appeal after remand, 457 So.2d 1251 (La. App. 1 Cir.1984), appeal after remand, 471 So.2d 1041 (La.App. 1 Cir.1985), the Louisiana *1251 Supreme Court discussed the requirements of LSA-R.S. 15:529.1, as follows:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
We likewise have thoroughly reviewed the transcript from the multiple offender proceedings. In those proceedings, defense counsel advised the court that his client wished to stipulate to his second felony offender status. After being so informed, the court advised defendant that he had the right to a hearing and the right to remain silent. In response to questioning by the trial judge, defendant then advised the court that he wished to waive his rights and stipulate to his status as a second felony offender. It was at that point that the trial judge accepted defendant's stipulation to the multiple offender bill of information.
We have examined the entire exchange between the trial judge, the defendant, and the defense counsel. We conclude that defendant was properly advised of his rights and that he knowingly and intelligently waived his rights, particularly his right to a formal hearing and his right to remain silent, prior to stipulating to the multiple offender bill of information. In accord, see State v. Wheelwright, 615 So.2d 385 (La.App. 5 Cir. 1993), writ denied, 619 So.2d 576 (La.1993) and State v. Carruth, 94-147 (La.App. 5 Cir. 9/27/94), 643 So.2d 1319. Accordingly, we reject defendant's arguments concerning the timing of the discussion of his rights in the context of the multiple offender proceedings.
We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). Such a review reveals no errors patent.
For the reasons set forth herein, we affirm the defendant's conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Although we order no corrective action, we find it necessary to note some discrepancies in the record. The bill of information charged defendant with eleven counts of distribution of cocaine. The defendant apparently pled guilty as charged to these eleven counts. However, the commitment incorrectly reflects that defendant pled guilty to ten counts, while the waiver of constitutional rights form indicates twelve counts. Also, in the transcript, the trial judge correctly recited the eleven counts to which defendant was pleading, but elsewhere in the transcript incorrectly referred to twelve counts of distribution of cocaine.