# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-479

## STATE IN THE INTEREST OF K.K.

**\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. 2013 JC 1110
## HONORABLE HERMAN CLAUSE, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.

**REVERSED AND REMANDED.**

**Jane Hogan**
**P.O. Box 3622**
**Lafayette, LA  70502**
**(337) 232-9345**
**ATTORNEY FOR APPELLANT,  K.K.**

**Michelle M. Breaux**
**Assistant District Attorney**
**P.O. Box 3306**
**Lafayette, LA  70502**
**(337) 262-8654**
**ATTORNEY FOR APPELLEE, State of Louisiana**

**Cooks, J.**

## FACTS AND PROCEDURAL HISTORY

On December 6, 2013, K.K.[1] was charged by petition with one count of illegal possession of a handgun by a juvenile, a violation of La.R.S. 14:95.8, possession with intent to distribute marijuana, a violation of La.R.S. 40:966, and illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1. K.K. entered a denial to the charge on December 18, 2013. On January 6, 2014, he filed a Motion to Quash Count One of the petition on the grounds of double jeopardy. The trial court denied the motion on February 6, 2014. K.K. filed a writ application in this court seeking review of the trial court's ruling. On February 19, 2014, in *State in the Interest of K.K.*, 14-202 (La.App. 3 Cir. 2/19/14) (unpublished opinion), this court denied K.K.'s writ application finding no error in the trial court's ruling. Judge Genovese dissented. K.K. filed a writ application with the Louisiana Supreme Court, and on March 12, 2014, the court denied the application, with three justices voting to grant the application. *State in the Interest of K.K.*, 14-424 (La. 3/12/14), 134 So.3d 1183. A request for reconsideration was not considered by the supreme court. *State in the Interest of K.K.*, 14-424 (La. 3/21/14), 135 So.3d 626.

Thereafter, on March 24, 2014, K.K. entered an admission to the petition and was sentenced to a six month suspended sentence with six months of supervised probation. He is now before this court alleging two assignments of error. We find two errors patent requiring reversal of the disposition in this case.

## ANALYSIS

Although the Louisiana Children's Code is silent as to whether a juvenile delinquency proceeding is entitled to an error patent review, this court has found

_____

[1] Initials are used to protect the identity of this minor pursuant to Uniform Rules—Courts of Appeal, Rule 5-2.

that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081.

The petition charged K.K. with illegal possession of a handgun by a juvenile, a violation of La.R.S. 14:95.8, possession with the intent to distribute marijuana, a violation of La.R.S. 40:966, and illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1. K.K. entered an admission "to Docket Number 2013-1110." It cannot be determined from the record which offense or offenses he entered the admission to considering there were three offenses contained in the petition. The written "Admission to Petition" form signed in this case does not refer to any particular offense or offenses, nor does it recite any factual basis for the offenses charged. When K.K. entered his plea in open court there was no mention of the factual basis for any of the three offenses charged and no mention of what offense(s) to which he was entering an admission. K.K.'s attorney simply said "At this time, [K.K.] wishes to enter an admission to Docket Number 2013-1110." She then set forth the agreed upon sentence. A single disposition was imposed.

This court faced a similar issue in *State in the Interest of N.W.L.*, 08-347, pp. 1-2 (La.App. 3 Cir. 8/27/08), 994 So.2d 607, 608:

> The Children's Code articles and jurisprudence require a trial court to find that a juvenile violated a specific statute or ordinance; a general finding of delinquency is insufficient. Louisiana Children's Code Article 804(3) defines delinquent act as "an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state." Louisiana Children's Code Article 883 provides: "In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition." Additionally, "[f]or an adjudication of delinquency . . . it must be proved that the juvenile violated a specific statute or ordinance, and every element of the crime must be proved." *State v.*

2

*Melanson*, 259 So.2d 609, 613 (La.App. 4 Cir.1972). *See also, State ex rel. D.P.B.*, 02-1742 (La.5/20/03), 846 So.2d 753.

In *N.W.L.*, on error patent review, this court noted it could not ascertain with reasonable certainty the offense or offenses which the trial court determined the juvenile had committed. We reversed the adjudication of delinquency, vacated the disposition, and remanded the matter to the trial court for further proceedings. While *N.W.L.* is distinguishable in that an adjudication hearing was held rather than an admission to the petition in this case, the facts of this case more strongly require a reversal.

The record indicates the trial court failed to advise K.K. of his rights as required by La.Ch.Code art. 855 when he appeared to answer the allegations contained in the petition.[2]

Louisiana Children's Code Article 855 provides in pertinent part:[3]

> A. When the child appears to answer the petition, the court shall first determine that the child is capable of understanding statements about his rights under this Code.
>
> B. If the child is capable, the court shall then advise the child of the following items in terms understandable to the child:
>
> (1) The nature of this delinquency proceeding.
>
> (2) The nature of the allegations of the petition.
>
> (3) His right to an adjudication hearing.

---

[2] La.Ch.Code art. 855 violations have been recognized on error patent review in the following cases. , *State in the Interest of T.H.*, 14-179 (La.App. 3 Cir. 6/4/14), 140 So.3d 911, *writ denied*, 14-1462 (La. 7/18/14), 147 So.3d 681; *State in the Interest of L.D.*, 14-1 (La.App. 3 Cir. 5/7/14) 139 So.3d 679; *State in the Interest of C.M.*, 13-128 (La.App. 5 Cir. 10/30/13), 128 So.3d 1118, *writ denied*, 13-2796 (La. 5/30/14), 140 So.3d 1172; *State v. Erven*, 36,332 (La.App. 2 Cir. 10/23/02), 830 So.2d 368; *State ex rel. K.G.*, 34,535 (La.App. 2 Cir. 1/24/01), 778 So.2d 716.

[3] The comments to this article state, "a. Paragraph A is new. Former C.J.P. Article 54 required the court to advise an accused child only 'insofar as practicable.' This required instruction serves two purposes. First, it lays the necessary predicate for the receipt of an accused child's admission of guilt, that is, that the child responds voluntarily and with full knowledge of the consequences of his 'plea,' including knowledge of his trial rights. *Boykin v. Alabama*, 395 U.S. 238 (1969). Second, it reinforces this Code's recognition that a child must be mentally capable of proceeding to trial. See Art. 804(7)."

3

(4) His right to be represented by an attorney, his right to have counsel appointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.

(5) His privilege against self-incrimination.

(6) The range of responses authorized under Article 856.

(7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court may impose pursuant to Articles 897 through 900.

Louisiana Children's Code Article 856 provides:

A. After the child has been advised pursuant to Article 855, the court shall inquire how the child responds. The child may:

(1) Deny the allegations of the petition, in which case the court shall set the matter for an adjudication hearing.

(2) Deny the allegations of the petition and contest the request for adjudication due to insanity as defined in this Title, in which case the court shall not adjudicate the child without a hearing, at which time the child has the burden of establishing this defense.

(3) Admit the allegations of the petition, in which case the court shall further inquire to determine whether there is a factual basis for adjudication. If so, the court may then adjudicate the child delinquent.

(4) With the court's permission, enter a response of nolo contendere. If, in its discretion, the court accepts such response, the court shall further inquire to determine whether there is a factual basis for adjudication, and it may then adjudicate the child delinquent.

B. A child shall plead when called upon to answer. If he stands mute, refuses to plead, or pleads evasively, a denial of the petition shall be entered of record.

The rights required by La.Ch.Code art. 855 are contained on an "Admission to the Petition" form which is signed by K.K., his attorney, the trial judge, and K.K.'s mother. However, our jurisprudence indicates this is insufficient to satisfy the requirements of La.Ch.Code art. 855. In *State v. Dejean*, 94-459, p. 5 (La.App. 5 Cir. 11/28/95), 694 So.2d 284, 287, *writ denied*, 96-547 (La. 5/17/96), 673 So.2d 608 (citing *State v. Delanoix*, 637 So.2d 515 (La.App. 1 Cir. 1993)), the fifth

4

circuit found a guilty plea form "alone is not sufficient to show a knowing and voluntary waiver of defendant's constitutional rights." In *Dejean*, the record was void of any minute entry or transcript showing a colloquy between the defendant and the trial judge. *Id.* Specifically noting that the defendant was sixteen-years old, the fifth circuit found the defendant's guilty plea was invalid "as there [was] not sufficient proof as to his knowing and voluntary waiver of his constitutional rights prior to the entry of his guilty plea." *Id.*[4] The record in this case shows there was no colloquy between K.K. and the trial judge regarding the offenses charged or the factual basis for each charge or anything except sentencing.

Accordingly, we strike K.K.'s admission to the petition and remand the case to the trial court for further proceedings consistent with this opinion, the law, and prior jurisprudence. *See State v. Jefferson*, 02-1038 (La. 1/10/03), 838 So.2d 724. If K.K. decides to again enter an admission, the trial court is instructed to specify to which offense or offenses K.K. is admitting and to properly comply with La.Ch.Code arts. 855 and 856.

**REVERSED AND REMANDED.**

---

[4]We note additionally that the adjudication (or admission to the petition in this case) was not held within ninety days of the appearance to answer the petition as required by La.Code Crim.P. art. 877; however, good cause was shown. At the appearance to answer the petition on December 18, 2013, the adjudication hearing was timely set for February 20, 2014, but was continued at the request of the defense to March 24, 2014. Under similar circumstances, this court found good cause for the delay in *State in the Interest of S.D.*, 13-1028 (La.App. 3 Cir. 2/12/14) (unpublished opinion).

Because we have set aside the admission to the petition and the disposition, we will not discuss any potential errors regarding the disposition, credit for time served, or the failure to advise of the time limitation for filing an application for post-conviction relief. We also note the record contains the probation order of another juvenile, but it is not necessary to order the correct one due to our ruling. We also pretermit considering K.K.'s double jeopardy argument at this time.