STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-01

STATE OF LOUISIANA

IN THE INTEREST OF L.D.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. JC-2013875
HONORABLE HERMAN C. CLAUSE, JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

Thibodeaux, Chief Judge, dissents and assigns written reasons.

**AFFIRMED AS AMENDED
WITH INSTRUCTIONS.**

**Annette Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana  70602-1747**
**(337) 436-2900**
**COUNSEL FOR JUVENILE/APPELLANT:**
     **L.D.**

**Michael Harson**
**District Attorney–Fifteenth Judicial District**
**Michelle M. Breaux**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502**
**(337) 262-8654**
**COUNSEL FOR APPELLEE:**
	**State of Louisiana**

**GENOVESE, Judge.**

In this juvenile matter, the juvenile, L.D.,[1] appeals his adjudication of having committed unauthorized use of a movable, alleging violations of the time limitations set forth in the Louisiana Children's Code without good cause. For the following reasons, we affirm his adjudication as amended herein with instructions.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of September 1, 2013, Ashlee Romero noticed that her 2012 white Kia Optima was missing from the parking lot of her apartment complex in Lafayette, Louisiana, and she contacted the police. Two days later, the vehicle was spotted by the police, pulled over, and L.D., the driver of the vehicle, was detained. Ms. Romero had not given L.D. permission to use her car.

On September 5, 2013, L.D. was charged by juvenile delinquency petition with committing unauthorized use of a movable, a violation of La.R.S. 14:68. On the day prior, the juvenile court judge found probable cause to continue L.D. in custody and set his answer hearing for October 2, 2013. At the answer hearing, L.D. denied the allegations in the petition. Additionally, L.D.'s counsel objected to the untimeliness of the hearing and asked that L.D. be released. The juvenile court judge overruled the objection, finding good cause for the untimeliness of the answer hearing due to the court's own schedule. Thereafter, on October 14, 2013, L.D.'s counsel filed a written Motion for Release and Dismissal, alleging that L.D. should be released and the petition dismissed because the answer and adjudication hearings were untimely. Prior to L.D.'s adjudication hearing on October 23, 2013,

---

[1]The juvenile's initials are being used in accordance with Uniform Rules—Courts of Appeal, Rule 5–2.

his counsel orally argued his Motion for Release and Dismissal. The juvenile court judge denied the motion, again finding good cause for the delay had been shown.

At the adjudication hearing, the juvenile court judge found that the State had proved beyond a reasonable doubt that L.D. committed unauthorized use of a movable. He ordered a Pre-Disposition Investigation Report and set L.D.'s disposition hearing for November 18, 2013. Subsequently, at the disposition hearing, the juvenile court judge ordered that L.D. be placed in the custody of the Office of Juvenile Justice for a period of two years, with a recommendation that he be placed in a non-secure facility. L.D. has appealed the denial of his Motion for Release and Dismissal.

*STANDARD OF REVIEW*:

In *State in the Interest of J.B. & G.M.*, 03-587 (La.App. 4 Cir. 12/19/03), 863 So.2d 669, our brethren of the fourth circuit applied an abuse of discretion standard in reviewing whether the juvenile court judge erred in denying a motion to dismiss for failing to timely hold adjudication hearings. Accordingly, we find the abuse of discretion standard of review applicable to the instant case.

**ERRORS PATENT**

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. After reviewing the record, we note three errors patent.

First, the record does not indicate that L.D. was informed of his rights when he appeared to answer the petition, as required by La.Ch.Code art. 855. Louisiana Children's Code Article 855 states in pertinent part:

2

A. When the child appears to answer the petition, the court shall first determine that the child is capable of understanding statements about his rights under this Code.

B. If the child is capable, the court shall then advise the child of the following items in terms understandable to the child:

(1) The nature of this delinquency proceeding.

(2) The nature of the allegations of the petition.

(3) His right to an adjudication hearing.

(4) His right to be represented by an attorney, his right to have counsel appointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.

(5) His privilege against self-incrimination.

(6) The range of responses authorized under Article 856.

(7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court might impose pursuant to Articles 897 through 900.

In *State in the Interest of K.G.*, 34,535 (La.App. 2 Cir. 1/24/01), 778 So.2d 716, the court failed to advise the juvenile of the enumerated rights in La.Ch.Code art. 855 when he appeared to answer the allegations of the delinquency petition. In determining that the error was harmless, the appellate court noted that the juvenile was represented by counsel and pled not guilty. *See also State in the Interest of J.G.*, 94-194 (La.App. 5 Cir. 7/26/94), 641 So.2d 633. Likewise, in the present case, L.D. was represented by counsel and entered a denial to the allegations contained in the petition. Therefore, we find the error that occurred in failing to apprise L.D. of his rights pursuant to La.Ch.Code art. 855 is harmless.

Second, we note that the juvenile court judge failed to inform L.D. of the two-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Although the Louisiana Children's Code contains no

similar provision, this court has previously held that this notice should be given. *State in the Interest of B.A.*, 12-659 (La.App. 3 Cir. 12/19/12), 104 So.3d 833; *State in the Interest of J.F.*, 03-321 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282. Therefore, we order the juvenile court judge to inform L.D. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within thirty days of the rendition of this opinion and to file written proof of same in the record.

Third, the record before this court does not indicate that the juvenile court judge gave L.D. credit for time spent in secure detention, if any, prior to the imposition of disposition, as required by La.Ch.Code art. 900. *See State in the Interest of J.F.*, 851 So.2d 1282. Accordingly, we amend L.D.'s disposition to give him credit for time served in a secure detention facility before the imposition of disposition, if any, and instruct the juvenile court judge to note the amendment in the written disposition and in the minute entry. *See State ex rel. M.M.*, 06-607 (La.App. 3 Cir. 11/2/06), 941 So.2d 716.

## ASSIGNMENTS OF ERROR

On appeal, L.D. sets forth the following assignments of error for our review:

[1.] The juvenile judge erred in setting the initial answer hearing outside the time limitations set forth in La.[Ch.] Code art. 854 and in finding that good cause existed to delay the appearance to answer in this case.

[2.] The juvenile judge erred in denying L.D.'s Motion for Release and Dismissal.

*ISSUES ON APPEAL:*

The issues in this case concern the legal effect of the violation of the statutory time limitations for holding the answer hearing and the adjudication hearing in this juvenile delinquency proceeding. Specifically, we must decide

4

whether the juvenile court judge abused his discretion in finding "good cause" for the non-compliance with the statutory time limitations.

***ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO***:

In these two assignments of error, L.D. challenges the juvenile court judge's denial of both his oral and written motions for release and dismissal of the petition because of a violation of the time limitations set forth in La.Ch.Code arts. 854 (the time period for answering the petition) and 877 (the time period for holding an adjudication hearing).

Louisiana Children's Code Article 854 provides that a juvenile in continued custody must appear to answer a petition within five days after the filing of the petition. The article also allows the juvenile court judge to extend such period for good cause. La.Ch.Code art. 854(C). In this case, the petition was filed on September 5, 2013. L.D. answered the petition on October 2, 2013, well beyond the five day time period. L.D.'s counsel objected to the untimeliness of the answer hearing and asked that he be released. When the juvenile court judge asked if the time limit could be extended for good cause, L.D.'s counsel responded, "They all say for good cause, Your Honor, but good cause cannot be retroactively found. It has to be demonstrated or asked for prior to the hearing at which, you know . . . ." The juvenile court judge at the time, Judge Duplantier, then stated the following:

> And so you might not have been here because you weren't employed then. We had this issue that was brought up about six months ago, maybe longer; and at that time, Ms. Brown was present, Ms. Prejean was present; and that issue was brought to light. And at that time, the Court - - I made the ruling, and I'm pretty sure Judge Clause did subsequently as well because we had a discussion - - and what I said was we will do everything within our power to have it done as close to the timeline as possible. The fact that Judge Clause nor I are in court every week, like some juvenile courts are, I said at that time I believe good cause to be the fact that we are not in court on those times. And what we did agree to do was to have it on each

5

other's days if in fact we were present and could do that. It's my understanding that Judge Clause has been out of town, and I was not in court during that timeframe either. And so I find, as I did not retrospectively but prospectively, a year ago saying that <u>good cause is based on our court schedule calendar</u>. So I deny your request at this time.

(Emphasis added). L.D.'s counsel noted his objection to the court's "standing order."

Thereafter, on October 14, 2013, L.D.'s counsel filed a written Motion for Release and Dismissal, alleging that L.D. should be released and the petition dismissed because of the untimely setting of the answer hearing, which he contends ultimately caused L.D.'s adjudication to be untimely. As noted by L.D.'s counsel, L.D. was undisputedly in custody at the time and La.Ch.Code art. 877 provides for an adjudication hearing to be held within thirty days of the answer to a petition when a juvenile is in continued custody. Thus, through counsel, L.D. argued then, as he does now on appeal, that if the timelines had been adhered to, his answer hearing would have been held no later than September 13, 2013, and that his adjudication hearing would have been set no later than October 14, 2013. Since L.D. appeared to answer on October 2, 2013, and his adjudication hearing was set for October 23, 2013, his counsel argued that both were untimely.

In his Motion for Release and Dismissal, L.D.'s counsel also asserted that any finding of good cause should have been made prior to the lapsing of the applicable time period, citing *State in the Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745, in which the supreme court held that the State must show good cause and obtain an extension *before* La.Ch.Code art. 877's time period for holding an adjudication hearing has expired. L.D.'s counsel also asserted in his Motion for Release and Dismissal that he was prejudiced by the juvenile court's

6

failure to hold the answer hearing timely since L.D.'s answer hearing triggered the timelines for other occurrences, i.e., the timeline for discovery and the timeline for the adjudication hearing.

Although L.D.'s counsel acknowledged in his Motion for Release and Dismissal that La.Ch.Code art. 854 contains no remedy for a violation of the timeline for answering the delinquency petition, he nonetheless argued that La.Ch.Code art. 877 mandates that a delinquency petition be dismissed if the adjudication hearing has not been held timely. He contends that, since L.D.'s untimely answer hearing caused his adjudication hearing to be untimely, La.Ch.Code art. 877's remedy, i.e., dismissal of the petition, should be adhered to in this case. Additionally, L.D.'s counsel argues that fundamental fairness warranted dismissal because of the grave prejudice suffered by L.D. due to the untimely delay in his answer hearing.

In countering L.D.'s argument, the State asserts that good cause was shown for the juvenile court's untimely setting of the answer hearing, specifically noting that L.D. did not object and did not request a special fixing for the answer hearing. Additionally, the State contends that La.Ch.Code art. 854 contains no remedy or penalty for the untimely setting of an answer hearing and that L.D. was not prejudiced by same. Finally, the State argues that the adjudication hearing was held timely under La.Ch.Code art. 877 because it was held within thirty days of L.D.'s answer hearing.

*Untimeliness of Answer Hearing–La.Ch.Code art. 854*

Louisiana Children's Code Article 854 provides as follows:

A. If the petition is filed prior to or during the hearing to determine continued custody, the court may order the child to answer the petition upon completion of the hearing. If not so ordered and the

child is continued in custody, he shall be ordered to appear to answer the petition within five days after the filing of the petition.

B. In all other cases, the child shall be ordered to appear to answer the petition within fifteen days after the filing of the petition.

C. For good cause, the court may extend such period.

In the instant case, the record indicates that the delinquency petition was filed on September 5, 2013, a day after the continued custody hearing. Since L.D. was continued in custody, subsection A of La.Ch.Code art. 854 required the answer to the delinquency petition to have been held within five days of the filing of the delinquency petition. Since two of the days within the five day period could not be counted because they were legal holidays (Saturday and Sunday), L.D.'s answer hearing should have been held by September 12, 2013.[2] L.D.'s answer hearing was not held until October 2, 2013; thus, it was untimely.

*Remedy for Untimely Answer Hearing*

L.D. argues that the remedy for an untimely answer hearing under La.Ch.Code art. 854 should be the same as the remedy for an untimely adjudication under La.Ch.Code art. 877, i.e., dismissal of the delinquency petition. L.D. argues that La.Ch.Code art. 877's time limitations do not begin to run until the juvenile has answered the delinquency petition and that "[d]elays at this early stage affect the overall timeliness of the delinquency proceedings." Additionally, L.D. contends that any lesser remedy would encourage total disregard of the legislatively created time limitations.

Louisiana Children's Code Article 854 does not contain a provision setting forth a remedy for an untimely answer hearing. However, other articles in the

---

[2]Louisiana Children's Code Article 114 provides that legal holidays are not to be counted if the time period is less than seven days. The article also states that Saturdays and Sundays are considered legal holidays.

Louisiana Children's Code do provide a remedy for the violation of the time periods they set forth. For example, La.Ch.Code art. 843 specifically provides for the "release" of a child if the petition is filed untimely:

> A. If a child is continued in custody prior to adjudication, the delinquency petition shall be filed within forty-eight hours of the hearing to determine continued custody.

> B. If no petition is filed within the applicable time period, the child shall be released.

Addressing the predecessor to La.Ch.Code art. 843 (Code of Juvenile Procedure Article 46), which contained the same language as current La.Ch.Code 843(B), the fifth circuit interpreted the remedy provision for the failure to timely file a petition against a juvenile as release from custody. *State in the Interest of J.L.*, 592 So.2d 435 (La.App. 5 Cir. 1991), *writ denied*, 597 So.2d 1031 (La.1992). Thus, if the State fails to file the petition against the juvenile within the time period set forth in La.Ch.Code art. 843, the juvenile is to be released from custody.

Additionally, La.Ch.Code art. 877(C) provides for the dismissal of a petition when an adjudication is untimely:

> If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.

Because La.Ch.Code art. 854 does not specify either remedy, i.e., release from custody or dismissal of the petition, the remedy for an untimely answer hearing is not clearly provided for by statute. Louisiana Children's Code Article 104(1) states that courts should proceed in accordance with the Louisiana Code of Criminal Procedure when the Louisiana Children's Code is silent on an issue. We find La.Code Crim.P. art. 701, the speedy trial article, to be the analogous adult codal provision. Section C of La.Code Crim.P. art. 701 provides for arraignment

to be set within thirty days of the filing of a bill of information or indictment unless just cause for a longer delay is shown. This court has found that violations of La.Code Crim.P. art. 701 "concern pretrial custody only, not dismissal of the charge." *State v. Savoie*, 07-914, p. 6 (La.App. 3 Cir. 3/5/08), 982 So.2d 119, 123, *writ denied*, 08-617 (La. 10/3/08), 992 So.2d 1011. In *Savoie*, 982 So.2d at 122-23, this court also stated that the failure to timely arraign Mr. Savoie under La.Code Crim.P. art. 701 did "not concern the time limitation for the institution of prosecution or for the commencement of trial, which are valid grounds for a motion to quash[,]" citing La.Code Crim.P. art. 532(7). To the contrary, an untimely arraignment is not listed as a valid ground for a motion to quash. La.Code Crim.P. art. 532. Since an untimely arraignment is not a valid ground for a motion to quash, but instead concerns pretrial custody only, *Savoie* suggests that the remedy for an untimely arraignment under La.Code Crim.P. art. 701 is release from custody and not dismissal of the charges. Likewise, we find that the remedy for an untimely answer hearing under La.Ch.Code art. 854 is to release the juvenile from custody rather than dismissal of the charges.

The jurisprudence has also held that once an adult defendant is tried and convicted, his allegation that La.Code Crim.P. art. 701 has been violated becomes moot. *Savoie*, 982 So.2d 119. Likewise, having found that a violation of La.Ch.Code art. 854 is analogous to a violation of La.Code Crim.P. art. 701, L.D.'s allegation that La.Ch.Code art. 854 has been violated became moot once he was adjudicated.

Thus, even though we find no good cause for the untimely answer hearing was established in this case, the remedy for the untimely answer hearing was the

10

release of L.D. from custody. Since L.D. has already been adjudicated, the violation of La.Ch.Code art. 854 has been rendered moot.

Finally, L.D. argues that because his answer hearing was held untimely, his adjudication hearing was held untimely. Since the remedy for an untimely adjudication hearing is clearly dismissal of the petition, L.D. argues that his delinquency petition should be dismissed as well. Louisiana Children's Code Article 877 (emphasis added) provides, in pertinent part:

> A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. *In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.*
>
> B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.

In the present case, L.D. appeared to answer his delinquency petition on October 2, 2013, and his adjudication hearing was held on October 23, 2013. Thus, the adjudication hearing was held within the time period specified in La.Ch.Code art. 877.

L.D.'s argument concerning the "ripple effect" of the untimely answer hearing on the adjudication hearing is likewise without merit. L.D. contends that:

> [S]ince the timelines for the adjudication proceedings are triggered by the answer hearing, the failure to hold the answer hearing within five days of September 5, 2013, resulted in an unjustified delay in conducting the adjudication hearing. Had the answer hearing been timely heard (on or before September 11)[,] the adjudication hearing should have been held no later than October 11, 2013. Instead, it was held on October 23, 2013, even though counsel requested an earlier setting.

11

In following this argument, the failure to comply with any of the time periods in the Louisiana Children's Code would result in dismissal of the petition since a violation of any of the time periods would ultimately alter the time period for the adjudication hearing. The legislature obviously did not intend this result since it specifically stated that the remedy for failing to timely file the delinquency petition of a juvenile in custody is release of the juvenile from custody.

L.D. is not entitled to receive the benefit of "wiping out" his adjudication simply because the timing of the adjudication was altered by the untimely answer hearing. The ramification of such would essentially require all charges to be dismissed against juveniles whose delinquency petition or answer hearing was held untimely. Such a remedy was not envisioned by the legislature. This argument lacks merit.

## DISPOSITION

Though we find good cause was not established by the juvenile court in its extension of the time period for having L.D.'s answer hearing, we find the appropriate remedy for same to be a release of L.D. from custody; however, the release remedy has been rendered moot due to the fact that L.D. has already been adjudicated. We also find that L.D.'s adjudication hearing was held within thirty days of his answer hearing as required by La.Ch.Code art. 877 and that it was, therefore, timely. Finally, we find L.D.'s "ripple effect" argument that his untimely answer hearing caused his adjudication hearing to be untimely to likewise be without merit. Thus, L.D.'s adjudication is affirmed.

In addressing the errors patent in this case, we instruct the juvenile court judge to inform L.D. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate notice to him within thirty days of the rendition of this opinion and to

12

file written proof of same in the record.  We also amend L.D.'s disposition to give him credit for time served in a secure detention facility before the imposition of his disposition, if any, and instruct the juvenile court judge to note the amendment in the written disposition and in the minute entry.

**AFFIRMED AS AMENDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

IN THE INTEREST OF L.D.


**THIBODEAUX, Chief Judge, dissenting.**


Upon the filing of the juvenile delinquency petition against L.D. on September 5, 2013, an answer hearing should have been held within five days pursuant to La.Ch.Code art. 854(a), after allowing for legal delays. The majority has correctly observed that good cause for an extension was not shown. L.D.'s counsel properly objected to the untimely answer hearing when it was held on October 2, 2013. On October 14, 2013, L.D.'s request to be released and the petition dismissed because of the untimely answer hearing was denied by the trial court, presumably because of the trial court's erroneous finding of good cause on October 2, 2013.

The adjudication was held on October 23, 2013, within thirty days of the answer hearing, but past the time when the answer hearing was mandatorily required on September 12, 2013. What is the appropriate remedy?

The majority concludes that there is no remedy since L.D.'s adjudication rendered moot the illegality of the untimely answer hearing. Since the Louisiana Children's Code does not provide a remedy, the majority analogizes to a violation of La.Code Crim.P. art. 701 and concludes that dismissal of the petition would thwart legislative intent. I disagree.

Reliance on the Louisiana Code of Criminal Procedure is, in my view, misplaced. Louisiana Children's Code Article 104 refers one to the Code of

Criminal Procedure "[w]here procedures are not provided in this Code . . . ." That Article does not refer to *remedies*, but only *procedures*. The Louisiana Children's Code does provide for procedures, e.g., mandatory answer within five days after the filing of the petition if a juvenile is continued in custody, as here. *See* La.Ch.Code art. 854(A).

When fashioning a remedy, one must be cognizant that La.Ch.Code art. 102 provides that "[t]hese Code provisions shall be construed to promote . . . the elimination of unjustifiable delay." By refusing to order the dismissal of the juvenile delinquency petition, we are allowing the State to extend the adjudication hearing by simply not adhering to the mandatory time standards of the Louisiana Children's Code. That is a subversion of the purpose of Title VIII of the Code entitled "Delinquency." "The purpose of this Title is to accord due process to each child who is accused of having committed a delinquent act . . . ." La.Ch.Code art. 801. While the Louisiana Children's Code mandates a due process procedure, the State or a trial court may simply ignore it as long as the hearing is held within thirty days of the illegal answer hearing. This is especially egregious where there is an erroneous finding of good cause and an erroneous refusal to release an incarcerated juvenile, as here. It is an abrogation of the law's underlying spirit, particularly since the remedy for a failure to hold a timely adjudication hearing is dismissal of the petition. *See State ex rel v. K.E.C.*, 10-953 (La.App. 3 Cir. 12/8/10), 54 So.3d 735. The remedy should be the same where an answer hearing is improperly and untimely held and which results in a failure of due process and vitiation of the goal of "unjustifiable delay."

For the foregoing reasons, I respectfully dissent. I would order the dismissal of the juvenile delinquency petition.