# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #051

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **15th day of October, 2014**, are as follows:

**PER CURIAM**:

2014-CK-1080      STATE OF LOUISIANA IN THE INTEREST OF L.D. (Parish of Lafayette)

Therefore, the court of appeal's opinion is affirmed. The 15th J.D.C., however, is advised to reevaluate its practices pertaining to delinquency proceedings consistent with the view expressed herein.
AFFIRMED.

SUPREME COURT OF LOUISIANA

No. 14-KA-1080

STATE OF LOUISIANA

IN THE INTEREST OF L.D.

On Writ of Certiorari to the
Third Circuit Court of Appeal

**PER CURIAM**:

On September 5, 2013, the state filed a petition charging L.D. with the commission of a felony-grade delinquent act of unauthorized use of a movable in violation of La. R.S. 14:68. Although La.Ch.C. art. 854(A) required in this instance that L.D. appear to answer the delinquency petition within five days of filing because he was continued in custody, the district court set the answer hearing for the next available court date dedicated to juvenile matters, 27 days later on October 2, 2013. The juvenile appeared at that time, objected to the untimeliness of the hearing, and asked for his release from custody and for dismissal of the delinquency petition. The juvenile judge found, consistent with a policy of that court, that the court's scheduling constraints constituted "good cause" for the delay under La.Ch.C. art. 854(C). The court therefore declined to dismiss the petition and release L.D. from custody, and the juvenile did not seek immediate review of that ruling.

The court adjudicated L.D. delinquent 21 days later on October 23, 2013, within the 30 days from the answer hearing afforded by La.Ch.C. art. 877(A). On appeal, L.D. contended that his adjudication hearing was nevertheless untimely and

that the petition should therefore have been dismissed because each step in delinquency adjudication process should be seen as carefully and closely placed, like dominoes in a row, and that by wrongly delaying the answer hearing, the juvenile court judge triggered a cascade, a rippling effect, that ended in an adjudication that should be viewed as untimely as well. The state responded that the adjudication was not, in fact, untimely because it was conducted according to the letter of La.Ch.C. art. 877, which fixes the date for the adjudication based solely on the date of appearance at the answer hearing without regard to the timeliness of the preceding steps.

The court of appeal affirmed in a split panel decision. State in Interest of L.D., 14-0001(La. App. 3 Cir. 5/7/14), 139 So.3d 679 (Genovese and Conery, JJ., Thibodeaux, C.J., dissenting). The court agreed with L.D. that "good cause was not established by the juvenile court in its extension of the time period for having [the] answer hearing." Id., 14-0001 at 12, 139 So.3d at 686. The majority on the panel nevertheless agreed with the state that in setting out the various time periods for delinquency proceedings in the Children's Code, the legislature did not subscribe to L.D.'s ripple effect by which "the failure to comply with any of the time periods . . . would result in dismissal of the petition since a violation of any of the time periods would ultimately alter the time period for the adjudication hearing." Id. The majority specifically noted that "the remedy for failing to timely file the delinquency petition of a juvenile in custody is release of the juvenile from custody." Id. The majority thus concluded that L.D. was "not entitled to receive the benefit of 'wiping out' his adjudication simply because the timing of the adjudication was altered by the untimely answer hearing," and that the appropriate remedy for an untimely answer was the same as for the untimely

2

filing of the petition, i.e. release of the juvenile from custody. That remedy became moot, however, when L.D. failed to seek timely review of the juvenile court's ruling on October 2, 2013, denying his motion for release from custody when he answered the petition, and then appeared for the adjudication hearing on October 23, 2013, or within 30 days of the answer, as required by La.Ch.C. art. 877(A). Id. Dissenting, Chief Judge Thibodeaux emphasized the statement of legislative purpose in La.Ch.C. art. 102 that "[t]hese Code provisions shall be construed to promote . . . the elimination of unjustifiable delay," and in La.Ch.C. art. 801, that the purpose of Title VIII of the Code entitled "Delinquency" is "to accord due process to each child who is accused of having committed a delinquent act." In his view, neither policy was served "by allowing the State to extend the adjudication hearing by simply not adhering to the mandatory time standards of the Louisiana Children's Code. . . . This is especially egregious where there is an erroneous finding of good cause and an erroneous refusal to release an incarcerated juvenile, as here." L.D., 14-0001 at 2, 139 So.3d at 687 (Thibodeaux, C.J., dissenting).

We agree with L.D. and the court of appeal panel that the juvenile court lacked good cause for setting the answer hearing outside of the time limit dictated by La.Ch.C. art. 854(A). The juvenile judge here found good cause existed to extend the period established in this article based on the scheduling practices of the court. As clarified in oral argument before this Court, it appears that each year two judges of the 15th Judicial District Court (J.D.C.) are selected to preside over juvenile matters in addition to their civil docket. Barring illness or vacation, they sit in that capacity for approximately one week each month. In the present case, between the date the petition was filed and the date the answer hearing was set,

3

there were no juvenile sittings scheduled. Evidently, the judges assigned to juvenile matters had determined earlier that these scheduling constraints hampered the court's ability to comply with La.Ch.C. art. 854. Their solution was to make it an unwritten policy, known to the attorneys who regularly appear in juvenile matters in that district, that the judges would endeavor to comply with the time limits set by the article but that when they were unable to do so, the court's schedule would be considered good cause for an extension. That policy was cited by the juvenile judge when L.D. objected to the untimeliness of the answer hearing. It also appears that in another unwritten rule, duty judges provided by local court rule 3.2 of the 15th J.D.C. for each parish within the district for each judicial day are not consulted in juvenile matters.

We have made clear, however, that in the context of adult criminal proceedings, "[t]he court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate." State v. Driever, 347 So.2d 1132, 1134 (La. 1977). This observation applies with even greater force in the context of juvenile proceedings in which, as Chief Judge Thibodeaux emphasized in dissent, the provisions of the Children's Code "shall be construed to . . . secure simplicity in procedure, fairness in adjudication and administration, and the elimination of unjustifiable delay." La.Ch.C. art. 102. The legislature has specifically provided that in cases in which the child is continued in custody, "he shall be ordered to appear to answer the petition within five days after the filing of the petition." La.Ch.C. art. 854(A) (emphasis added). Article 854(C) specifically provides that the court may extend such period "[f]or good cause." As the term is used in the Children's Code, "'[g]ood cause' is determined on a case-by-

case basis and must be fully supported in the record." State in the Interest of R.G., 06-1625, p. 3 (La. App. 4 Cir. 7/18/07), 963 So.2d 475, 477 (citation omitted). We think it clear that a blanket rule of local practice does not constitute one such case-specific instance supplanting a legislative mandate intended to promote the fair and expeditious conduct of juvenile delinquency proceedings.

We nevertheless agree with the court of appeal majority that the legislature did not subscribe to the rippling effect advocated by L.D., such that the slightest perturbation in the steady march of various time limits through the process results inexorably in the dismissal of a delinquency petition. The court of appeal noted, and all parties agree, that La.Ch.C. art. 854 specifies no remedy when the time afforded for an answer hearing is exceeded without good cause. The provisions of the Children's Code governing delinquency proceedings otherwise contain several explicit time limits. Under La.Ch.C. art. 819, a juvenile who has been taken into custody must have a continued custody hearing within three days (unless released pursuant to La.Ch.C. art. 817). Failure to timely hold the continued custody hearing results in release of the juvenile from custody unless the hearing was continued at the request of the juvenile. See La.Ch.C. art. 819. Under La.Ch.C. art. 843(A), if the juvenile remains in custody, the delinquency petition must be filed within 48 hours of the continued custody hearing. Failure to timely file the petition also results in release of the juvenile. See La.Ch.C. art. 843(B). Only when the time afforded by La.Ch.C. art. 877 to commence the delinquency adjudication following the answer hearing is exceeded must the court dismiss the petition at the request of the juvenile. In the absence of clearly expressed legislative intent to the contrary, the remedy adopted by the court of appeal in the present case for an untimely answer hearing appears entirely consistent with the explicit remedies

5

provided for untimely continued custody hearings and untimely filings of the delinquency petitions when, as here, the adjudication hearing itself occurs within 30 days of the answer hearing.

The court of appeal found in the present case that the juvenile judge erred in denying L.D.'s motion for release based on failure to timely hold the answer hearing. That determination is consistent with the overall structure of the Children's Code and appears correct. Although the concerns expressed by Judge Thibodeaux in his dissent are well-founded, L.D. had time enough to seek immediate review in the court of appeal of the juvenile court's erroneous ruling on an expedited basis without necessarily upsetting the date set for the adjudication hearing and resulting in further delays. As the court of appeal majority concluded, because L.D. did not seek expedited writ review at that time, the issue became moot after he was adjudicated delinquent in a hearing conducted within the literal compass of La.Ch.C. art. 877.

Therefore, the court of appeal's opinion is affirmed. The 15th J.D.C., however, is advised to reevaluate its practices pertaining to delinquency proceedings consistent with the view expressed herein.

AFFIRMED.

6