Judge Daniel L. Dysart
On November 28, 2017, R.W. appeared with counsel for an adjudication hearing. He was adjudicated delinquent as a result of having committed a violation of La. R.S. 40:966E(1), possession of marijuana, and a violation of La. R.S. 14:69B(1), illegal possession of stolen things, to-wit: a vehicle valued at $30,000 which was the subject of a robbery or theft. R.W. appeals, arguing that the time limits to adjudicate this matter were expired. For the reasons that follow, we affirm the ruling of the trial court.
BACKGROUND:
The State filed a petition charging R.W. with the above offenses on August 28, 2017. He appeared with counsel on September 12, 2017, and pled not guilty. The trial court ordered, among other things, *620 that R.W. enroll in the M.E.L.O.W. program (Men Engaging in Leadership Opportunities Works"), that he participate in a drug testing program, attend school, and abide by the curfew laws. As R.W. was not retained in custody, the trial court set the case for a M.E.L.O.W. review on October 17, 2017, and an adjudication hearing date of November 28, 2017.
The record indicates that R.W. did not enroll in the M.E.L.O.W. program as ordered, and that the trial court instructed the coordinator of the program to continue the attempts to contact R.W.'s mother. On October 17, 2017, the trial court issued a warrant for R.W.'s arrest for failure to participate in the program, and for failing to submit to a drug screen. The judgment also notes that R.W. was arrested on October 16, 2017, on new charges of unauthorized use of a motor vehicle and possession of stolen property, and that he had been placed back on electronic monitoring. When he was arrested on the warrant in this case on October 24, 2017, he was held in custody.
R.W.'s initial attorney withdrew from representation due to a conflict, and new counsel filed a Motion for Release on November 13, 2017. The motion was set for hearing on November 28, 2017, the original adjudication hearing date in this matter. On November 14, 2017, counsel filed a Plan for Release that was also set for hearing on November 28, 2017.
On the morning of November 28, counsel for R.W. filed a Motion for Release and Dismissal of Petition. At the adjudication hearing that same afternoon, R.W., through counsel, withdrew his previously entered plea of not guilty, and entered a plea of admission to the charges. A lengthy colloquy ensued between the court and defense counsel regarding the proposed sentence, and whether the court should order a pre-disposition investigation. R.W. addressed the court directly stating that, "I'm going to take the six months and get it over with."
At this point in the hearing, counsel for R.W. requested the court to consider the Motion for Release. Initially, the trial court indicated it would deny the motion, but then stated it would not hear the motion as a conformed copy had not been provided to the court. Counsel then requested that the plea be accepted pursuant to State v. Crosby,[1] reserving review of R.W.'s Motion for Release. The trial court reiterated that it was not ruling on the motion at that time. Counsel then stated that R.W. wished to accept a six-month secure sentence. R.W. addressed the court personally, waived his rights verbally and initialed the Waiver of Constitutional Rights and Admission to Petition, which included the right to appeal.
Despite the waiver of the right to appeal, on December 6, the trial court denied the Motion for Release, and on December 20, 2017, signed an order granting R.W.'s Motion and Notice of Appeal.
DISCUSSION:
R.W. argues that the trial court erred in not granting his Motion for Release and Dismissal of Petition.
In his first assignment of error, R.W. argues that the trial court erred in failing to consider the motion to dismiss challenging the jurisdiction of the court to accept the plea or to consider an oral motion. Specifically, R.W. states that violations of La.Ch.C. arts. 819 and 877 are jurisdiction in nature, and thus cannot be waived. In support of his argument, R.W. cites State ex rel. R.D.C., Jr. , 93-1865 (La. 2/28/94), 632 So.2d 745. We do not agree.
*621 Louisiana Children's Code art. 877, provides:
A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not commenced timely, upon motion of the child, the court shall release a child in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.
Art. 877 D allows a trial court to continue an adjudication hearing for good cause. In State ex rel. R.D.C., Jr. , the state was granted a continuance beyond the statutory deadline for adjudication on the ground that a witness was unavailable. Id., 93-1865, 632 So.2d at 746. Thus, contrary to R.W.'s argument, the discretion afforded the trial court indicates that this article does not create a jurisdictional issue.
In his second assignment of error, R.W. argues that the trial court erred in not granting his motion to dismiss.
The record reveals that R.W. was not held in custody thus making the ninety day commencement of adjudication provision applicable. La.Ch.C. art. 877B. However, prior to the adjudication hearing on November 28, 2018, R.W. was arrested again. The record indicates that he was arrested on unrelated charges on October 15 (and released with an electronic monitor), but was then arrested on October 24 in the subject case due to his non-compliance with previous court orders. R.W. argues that as he was at that point in custody, the provisions of La.Ch.C. art. 877A were triggered and the thirty day adjudication time limit would apply.
In this case, R.W. was adjudicated delinquent on November 28, 2017, thirty-five days after his re-arrest in this matter. On November 13, 2017, counsel for R.W. filed a Motion for Release, arguing that R.W. must be released as there was no probable cause hearing for his re-arrest as provided by La.Ch.C. art. 819.[2] The trial court signed the order on November 27, setting it for hearing on November 28, 2017, without objection by defense counsel. On November 14, 2017, counsel for R.W. filed a Plan for Release that was also signed by the trial court on November 27, and set for hearing on November 28, 2017.
In State in the Interest of J.T. , 13-1273 (La.App. 4 Cir. 3/12/14), 2014 WL 1092350, this Court affirmed the grant of a motion for dismiss for failure to timely adjudicate. The Supreme Court reversed, finding that the prosecution had satisfied its burden of establishing good cause for an extension of the time limitation for trial. State in the Interest of J.T., 14-0762 (La. 11/14/14), 156 So.3d 1143.
We find the circumstances of this case warrant the same result. R.W.'s counsel filed the first Motion for Release on November *622 13, 2017, and the Plan for Release on November 14, 2017. The trial court signed both pleadings on November 27, setting both for hearing the following day (the original adjudication date). The record does not indicate that counsel for R.W. objected to either the delay in signing the pleadings or to the setting of the hearing date. As such, we find that counsel for R.W. acquiesced in the delay, serving as the functional equivalent of a good cause extension of the time limits. La.Ch.C. art. 877D.
Accordingly, for the reasons set forth above, we affirm the ruling of the trial court.
AFFIRMED

338 So.2d 584 (La. 1976).

La.Ch.C. art. 819. Continued Custody hearing; time limitations
If a child is not released to the care of his parents, a hearing shall be held by the court within three days after the child's entry into the juvenile detention center or shelter care facility. If the hearing is not held, the child shall be released unless the hearing is continued at the request of the child.