STATE OF LOUISIANA IN          *          NO. 2020-CA-0075
THE INTEREST OF C.B.
                               *          COURT OF APPEAL

                               *          FOURTH CIRCUIT

                               *          STATE OF LOUISIANA

                               *

                               *
                    * * * * * * *

*RBW*

## BARTHOLOMEW-WOODS, J., CONCURS, IN PART, AND DISSENTS, IN PART

I respectfully concur, in part, and dissent, in part. With regard to the sufficiency of the evidence, I concur with the majority's opinion. However, with regard to whether C.B. waived the mandatory time delays outlined by La. Ch. C. art. 877(C), I respectfully disagree with the majority's position.

The Louisiana Children's Code explicitly provides mandatory time limitations within which the adjudication hearing for juvenile delinquency matters must commence. La. Ch. C. art. 877 provides, in pertinent part, the following:

> B. If the child is not continued in custody, the adjudication hearing shall commence within ninety (90) days of the appearance to answer the petition.
>
> C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
>
> D. For good cause, the court may extend such period.

1

Unlike the majority's view, I find *State In the Interest of C.G.,* 2019-01653 (La. 11/15/19), 281 So.3d 657 to be analogous to the present matter. Similar to *In the Interest of C.G.*, the record in the present matter reflects that the *same* trial court re-set the adjudication hearing, twice, due to a lack of a court reporter.[1] The record further reflects that C.B.'s adjudication hearing was reset over the formal written objection of C.B., once occurring after the mandatory time delays had already run.

The majority, in distinguishing *In the Interest of C.G.* from the instant matter, relies upon the fact that C.B. did not "formally" request a dismissal, but only filed "Notice of Objections." However, in reaching this conclusion, the majority looks only to the "title" of the pleadings and not the substance.[2] In reviewing the substantive portions of the objections, C.B. clearly invokes La. Ch. C. art. 877(C) when the following language was filed in the "Notice of Objection" with the trial court, "Counsel for C.B. vehemently objects to this court's setting this matter outside of the La. Ch. C. art. 877 deadlines…". A subsequent Notice of Objection stated, "The Louisiana Children's Code 877 dictates that C.B. needs to be brought to trial within ninety days of entering a denial to the petitioned charge. This matter has already been continued once beyond the statutory ninety (90) day limitation. Counsel for C.B. vehemently objects to this court's continuance."

---

[1] The Louisiana Supreme Court has already stated that "'[t]he court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate.'" *Id. citing State in the Interest of L.D.,* 2014-1080 (La. 10/15/14), 149 So.3d 763, 765 (quoting *State v. Driever,* 347 So.2d 1132, 1134 (La. 1977)).

[2] This Court explained that "[t]he intent of a pleading is determined by its substance, not the caption of the pleading." *Rubin v. Non-Flood Prot. Asset Mgmt. Auth.*, 2018-0500, p. 4 (La. App. 4 Cir. 11/14/18); 259 So.3d 1228, 1232, *writ denied*, 2018-2055 (La. 2/18/19); 265 So.3d 774 (internal citations omitted).

I find it sufficient that in C.B.'s Notices of Objection, C.B. cited La. Ch. C. art. 877 and its provisions regarding the mandatory ninety (90) day time period to substantiate a dismissal of C.B.'s adjudication petition. Furthermore, C.B. objected in both Notices to the proceedings due to the untimeliness. Nowhere in article 877 does it mandate that C.B. must take an immediate supervisory writ from a denial of dismissal of the adjudication petition; I find that C.B.'s Notices of Objection preserved C.B.'s rights to raise this issue on appeal. Therefore, I respectfully dissent from that portion of the majority's opinion finding otherwise. As to the remainder of the majority's opinion, I concur.