STATE OF LOUISIANA IN THE INTEREST OF A.N.

\* NO. 2025-CA-0566

\* COURT OF APPEAL

\* FOURTH CIRCUIT

\* STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2023-093-20-DQ, SECTION "A"
Honorable Clinton Smith, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Chief Judge Roland L. Belsome, Judge Paula A. Brown, Judge Rachael D. Johnson)

Samantha Marrone
Hannah Van De Car
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100 B Milton Street
New Orleans, LA 70122


COUNSEL FOR JUVENILE/APPELLEE


Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
CHIEF OF APPEALS
Zachary M. Phillips
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White St.
New Orleans, LA 70119


COUNSEL FOR STATE OF LOUISIANA/APPELLANT

**AFFIRMED**
**DECEMBER 3, 2025**

*RDJ*
*RLB*
*PAB*

Appellant, the State of Louisiana, seeks review of the July 10, 2025 juvenile court judgment granting Appellee, A.N.'s, Motion to Dismiss Petition for Failure to Timely Prosecute. Finding no abuse of the juvenile court's discretion, we affirm.

**FACTS AND PROCEDURAL HISTORY**

This appeal involves whether the State timely prosecuted the juvenile delinquency petition against A.N. for violations of domestic abuse battery, La. Rev. Stat. 14:35.3(I), and simple criminal damage to property, La. Rev. Stat. 14:56(A)(1), within 90-days pursuant to La. Ch.C. art. 877. The underlying facts giving rise to the delinquency charges against A.N. are irrelevant to the procedural issues raised in this appeal.

The State filed a delinquency petition against A.N. on or about April 3, 2023. Thereafter, the juvenile court found probable cause on both charges at a continued custody hearing before releasing A.N. to his parents' custody. Considering that the tolling of the 90-day limitation period is at issue, below is a recount of the relevant procedural history beginning with A.N.'s answer to the petition:

1

**May 3, 2023**
A.N. entered a denial to the delinquency petition in the juvenile court, which sets a pretrial conference on May 23, 2023.

**May 23, 2023**
A.N.'s counsel appeared at the pretrial conference, waived A.N.'s presence and requested a reset of the hearing so A.N. can retain an immigration attorney. There was no objection. The pretrial conference was reset to August 30, 2023.

**August 30, 2023**
No judgment appears in the record; however, the record reflects a November 6, 2023 pre-trial conference was set.

**November 2, 2023**
During an add on hearing before the juvenile court, A.N.'s counsel requested the November 6th pretrial conference be reset to November 8th. The juvenile court found good cause and A.N. waived the La. Ch. Code art. 877 deadlines.

The Court issued an order closing the Court from Tuesday, January 16th to January 18, 2024, due to severe weather, finding good cause. The pretrial conference was reset for February 6, 2024.

**November 8, 2023**
At the pretrial conference, A.N.'s counsel informed the Court that A.N. is incarcerated in Texas, waived his presence and requested the conference be reset. Counsel further waived art. 877 and art. 854 deadlines. The Court found good cause to grant the request. A status hearing was set for January 16, 2024.

**February 6, 2024**
At the pre-hearing conference, the Court noted **that A.N. was still detained in Texas**. The Court set a status hearing on March 19, 2024.

A.N. appeared for trial, but defense counsel requested a continuance due to her illness. The Court granted the continuance finding good cause. **Defense counsel waived all time delays pursuant to art. 877. Trial was set for October 2, 2024.**

**March 19, 2024**
A status hearing was held wherein the State was instructed to contact the victim to see if he wished to proceed. A.N. was being held in Texas on a pending adult matter. A.N. requested this matter be set for trial and waived La. Ch. Code art. 877 deadlines. The Court found good cause and an adjudication

During an add on hearing, the parties were informed that the Court was unavailable for an October 2, 2024 adjudication hearing. The adjudication hearing was reset to December 3, 2024, with the Court finding good cause. A.N.'s Counsel objected to the continuance and to the good cause to extend the La. Ch.C. art. 877 deadlines.

**December 3, 2024**
State moved to continue the adjudication hearing because an essential witness was unavailable. Over A.N.'s Counsel's objection, the Court found good cause to extend the statutory deadline. A.N. objected to the finding of good cause. The adjudication hearing was reset to January 21, 2025.

**January 21, 2025**
The Court was closed on this date due to anticipated winter storms**.**

**February 3, 2025**
The Court reset this matter for "pre trial/to pick a trial date" on February 12, 2025.

**February 12, 2025**
A.N.'s Counsel appeared for a pretrial conference and the Court set an April 2, 2025 adjudication hearing, finding good cause. A.N. waived the statutory time requirements.

**April 2, 2025**
The Court reset the adjudication hearing to June 17, 2025—without finding good cause to extend the La. Ch. Code art. 877 deadlines— because the court reporter was unavailable. *A.N. alleges he objected to the continuance.*

**June 12, 2025**
A.N. moved to dismiss the delinquency petition for failure to timely prosecute.

Following a July 10, 2025 contradictory hearing on the motion to dismiss,

the juvenile court granted the motion, reasoning that the court reporter's absence at

2

the April 2, 2025 hearing did not provide the statutorily required "good cause" for the suspension of the statutory prosecutorial period:

> . . . [T]he Court's own calculations reflect that as of April 2nd of 2025, the Court did not have a court reporter. And the Court believes that due to the absence of the court reporter on that day, whatever calculations that the Court thought was appropriate and within the timelines after further review we determined that it was not. As much as the Court wants to agree with the State that the absence of a court reporter is good cause and this Court clearly believes that it is especially when the situation occurs beyond the control of the Court as it did in this situation. [sic]
>
> The Supreme Court has made it abundantly clear to this court that that is not sufficient for good cause. And I think Ms. Marrone sort of stated, but the pertinent part of that is as follows: And this is stating State (inaudible) GC Supreme Court 149 southern third 63. And it states as follows: The court system cannot excuse itself from an accused trial within the delays required by law simply by relying upon eternal [sic] operation procedures, which result in non-compliance with the statutory mandate. This observation applies even in greater force in the context of the juvenile proceeding. And as noted by Defense Counsel, this was a case involving a court reporter who was unavailable when the court believed that [] he/she would be. So while the Court would like to agree with the State the absence of, again, the court reporter is an implicit good cause found, the Court's own calculations shows that as [of] April 2nd, 2025 when the case was set for trial 76 days later on June 12th—on June the 12th[1] the Court did determine that 96 days had passed where good cause to waive was not found and did not exist. So, the Court does believe that the 877 time delays had expired and therefore is going to grant the motion to dismiss.

This timely appeal followed.

## ASSIGNMENTS OF ERROR

---

[1] We note that 71 days passed between April 2 and June 12, 2025.

The State raises three assignments of error; however, the pertinent issue on appeal is whether the juvenile court abused its discretion when it dismissed the delinquency petition against A.N. for untimely prosecution.[2]

**APPLICABLE LAW**

Article 877 of the Louisiana Children's Code, entitled *Adjudication hearing; time limitations*, provides prosecutorial time limitations in juvenile delinquency matters:

> A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
>
> B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
>
> C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
>
> D. For good cause, the court may extend such period.

The mandatory time limitations provided in La. Ch.C. art. 877 "ensure expedited adjudication of children." *State v. Roberson*, 14-1996, p. 4 (La. 10/14/15), 179 So.3d 573, 576. Without the timely prosecution of juvenile delinquency matters, a juvenile may seek release and dismissal of the petition for untimeliness. La. Ch.C. art. 877(C). Applicable here is La. Ch.C. art. 877(B),

---

[2] The State avers that the juvenile court abused its discretion by dismissing the delinquency petition where: a) A.N. failed to lodge a contemporaneous objection to any extensions of the time delays required by law, and the juvenile court found appropriate good cause to extend the time delays at every relevant moment; and b) where the juvenile court accepted all of A.N.'s waivers of time delays and requests for future hearing dates, all of which were beyond the expiration of the time limitations period. Additionally, the State asserts that A.N.'s acquiescence to scheduling an adjudication hearing for a date beyond the expiration of the La. Ch. Code art. 877 time limitations constitutes a waiver of the time limitations altogether.

setting forth that adjudication hearings must commence within 90 days where a juvenile is not held in continued custody. Upon a juvenile's motion, dismissal of the delinquency petition and release is mandated where the State fails to timely prosecute within 90-days of "the appearance to juvenile's answer to the petition." La. Ch.C. art. 877(B). The sole caveat to the tolling of the 90-day period is that juvenile courts may extend the time period for "good cause." La. Ch.C. art. 877(D). The State may move for a "good cause" extension or the juvenile court, *sua sponte*, may find good cause to suspend the 90-day prosecution period:

> The time limits in Article 877 are mandatory and may not be extended absent a showing of good cause, and it is "incumbent [upon] the [S]tate to make a showing of good cause and obtain an extension before the period has run." *State in Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745, 748-49 (emphasis in original); see La. Ch.C. art. 877(D). Additionally, the juvenile court may extend the time limitations on its own motion if good cause is found. *State in Interest of Franklin*, 95-0423, p. 3 (La. App. 4 Cir. 7/26/95), 659 So.2d 537, 538. Although Article 877 allows for the adjudication hearing time limitations to be extended if good cause is found, the statute does not allow the juvenile court to set the adjudication hearing if the time limitation has already expired. *See State ex rel. J.B. & G.M.*, 03-0587, p. 3 (La. App. 4 Cir. 12/10/03), 863 So.2d 669, 671. The Code does not define "good cause." However, the Louisiana Supreme Court, in discussing good cause under Article 877(D), has stated "[t]he judge should be mindful of those situations where defense motions or causes beyond the control of the state may impinge on its ability to prepare for the hearing." *R.D.C., Jr.*, 632 So.2d at 749; see also *State ex rel. S.D.*, 09-1113, p. 3 (La. App. 4 Cir. 12/9/09), 28 So.3d 1160, 1161.

*State in Int. of L.D.*, 24-0784, 24-0786, pp. 3-4 (La. App. 4 Cir. 2/17/25), 409 So.3d 265, 267-68.

## DISCUSSION

The State argues A.N., is precluded from raising an untimely prosecution claim because he both requested continuances and acquiesced in them over the

5

course of these proceedings. Thus, the State avers that the lower court abused its discretion in granting the motion for dismissal.

The State contends that as a result of A.N.'s May 3, 2023 answer to the petition the 90-day adjudication period would have expired on August 1, 2023. However, on May 23, 2023, A.N. requested the hearing for that day be reset in order for A.N. to consult with an immigration attorney. This led to the juvenile court setting a pre-trial conference on August 30, 2023, thereby exceeding the original 90-day period. The State, relying upon *State in the Int. of R.W.*, 18-0069, p. 6 (La. App. 4 Cir. 5/23/18), 246 So.3d 619, 622, contends A.N.'s acquiescence to a hearing date beyond the August 1, 2023 expiration of the 90 day period, served as an extension for "good cause" under art. 877(D).

In *R.W.*, a juvenile appealed his delinquency adjudication to this Court, for being in possession of marijuana, a violation of La. R.S. 40:966E(1), and being in possession of stolen things, a violation of La. R.S. 14:69B(1), asserting that the time limits to adjudicate the matter expired. 18-0069, p. 1 (La. App. 4 Cir. 5/23/18), 246 So.3d 619, 619. The juvenile, R.W., was charged by petition on the aforementioned offenses, but he pleaded not guilty when he appeared with counsel on September 12, 2017. *Id*. His adjudication hearing was set for November 28, 2017, as he was not held in custody, and the juvenile court ordered him to enroll in the M.E.L.O.W. program (Men Engaging in Leadership Opportunities Works"), participate in a drug testing program, attend school, and abide by the curfew laws. *Id*., 18-0069, p. 1, 246 So.3d at 619-20.

During the course of the proceedings, R.W. was arrested on new charges of unauthorized use of a motor vehicle and possession of stolen property. *Id*., 18-0069, p. 2, 246 So.3d at 620. He also failed to participate in the court-ordered

M.E.L.O.W. program and to submit himself for drug testing; thus, the juvenile court issued a warrant for his arrest. He was subsequently arrested on October 24, 2017. *Id.*

Thereafter, R.W. filed a motion for release and plan for release, which were both signed by the juvenile court on November 27, 2017, and set for hearing the following day. *Id.* On the morning of the November 28th hearing, R.W. filed a motion for release and dismissal of petition. *Id.* He further changed his plea to guilty and the juvenile court adjudicated him a delinquent and sentenced him to six months, following his verbal and written waiver of his constitutional rights and admission to petition. *Id.*, 18-0069, pp. 2-3, 246 So.3d at 620. On December 6, 2017, the juvenile court denied his motion for release and dismissal of the petition. *Id.*, 18-0069, p. 3, 246 So.3d at 620.

On appeal, R.W. asserted that the 90-day limitation period, pursuant to La. Ch.C. art. 877, transferred to a 30-day limitation period under the same article when he was re-arrested on October 24, 2017, and held in continued custody. *Id.*, 18-0069, pp. 4-5, 246 So.3d at 621. Thus, R.W. argued that at the time of the November 28, 2017 hearing, 35 days elapsed. *Id.*, 18-0069, p. 5, 246 So.3d at 621. This Court affirmed the lower court's denial of the motion for release and dismissal of the petition, reasoning that R.W. acquiesced in the delay when he failed to object to the delay in the juvenile court's signing the pleadings nor to setting the hearing date. *Id.*, 18-0069, p. 6, 246 So.3d at 621-22. Thus, his acquiescence served as the functional equivalent of a good cause extension of the time limits pursuant to La. Ch.C. art. 877(D). *Id.*, 18-0069, p. 6, 246 So.3d at 622.

The State, citing *R.W.*, avers here that A.N. waived any future objections to delays in limitation period by not adhering to the initial statutory limitation period.

7

The State notes A.N. proceeded to acquiesce in and seek further delays of the 90-day limitation period.

A.N. responds that the juvenile court properly dismissed the delinquency petition for failure to timely prosecute because under the facts presented the adjudication hearing should have been held by June 11, 2025. Thus, the juvenile court was required to dismiss the petition when the 90-day statutory period expired due to the State's failure to timely seek an extension or attempt to set A.N.'s adjudication hearing pursuant to La. Ch.C. art. 877(C) and *State ex rel. J.M.*, 13-2573 (La. 12/09/14), 156 So. 3d 1161.

A.N. maintains that the statutory 90-day time period set forth in art. 877, elapsed over two time periods: a 20-day time period between May 3, 2023 and May 23, 2023; and a 70-day time period passing between April 2, 2025 and June 11, 2025, where the juvenile court continued the adjudication hearing due to a court reporter's absence. We agree, finding the State's argument unpersuasive.

A.N. appeared in court on May 3, 2023, and answered the delinquency petition. Twenty days later, on May 23, 2025, the juvenile court granted his request to reset a scheduled pre-trial conference, which counted as a "good cause" delay. See *State in the Interest of K.K.*, 14-479, p. 5, n. 4 (La. App. 3 Cir. 12/17/14), 153 So.3d 1280, 1283. The record is silent on what transpired at the August 30, 2023 hearing, other than a pre-trial conference was again reset for November 6, 2023. As noted above, from November 2023 to September 26, 2024, there were several settings where A.N. again requested pre-trial hearings to be reset and waived art. 877 deadlines. The lower court also closed once due to severe weather. Good cause was found to delay these settings.

On September 26, 2024 and December 3, 2024, the juvenile court found good cause, *sua sponte*, to continue trial dates due to the Court's own availability and on the State's motion due to the unavailability of a witness, respectively, both over A.N.'s objection. A.N. did not seek supervisory review of these lower court rulings.

Trial was set for January 21, 2025, but the Court was forced to close due to severe winter weather on that date. Thus, "good cause" again existed to toll the limitation period. The juvenile court later reset the matter for a February 12, 2025 pre-trial conference, where an April 2, 2025 adjudication hearing was set and A.N. again waived the statutory time limit. However, as noted above, when the court reporter did not appear, the juvenile court reset the adjudication hearing for June 17, 2025.

As the juvenile court noted on the record, the remaining 70 days of the statutory limitation period passed from April 2, 2025— when the juvenile court erroneously found "good cause" to extend the limitation period due the court reporter's absence— to June 11, 2025, the day prior to A.N. moving for dismissal. A.N. correctly notes the Louisiana Supreme Court, in *State in the Int. of C.G.*, 19-01653 (La. 11/5/19), 281 So.3d 657, reversed this Court's finding that the absence of a court reporter constituted a "good cause" delay under art. 877(D), reasoning:

> The legislature has made it clear that if an adjudication hearing has not commenced timely, upon motion of the child, the court shall dismiss the petition. La. Ch.C. art. 877(D); *State in the Interest of R.D.C., Jr.*, 93-1865 (La. 2/28/94), 632 So.2d 745. See also *State in the Interest of J.M.*, 156 So.3d 1161 (La. 2014). While the juvenile court is afforded discretion in finding good cause to extend the mandatory La. Ch.C. art. 877 adjudication deadline, this Court has found that "in the context of adult criminal proceedings, '[t]he court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory

> mandate.' " *State in the Interest of L.D.*, 2014-1080 (La. 10/15/14), 149 So.3d 763, 765 (quoting *State v. Driever*, 347 So.2d 1132, 1134 (La. 1977)). Further, "[t]his observation applies with even greater force in the context of juvenile proceedings in which ... the provisions of the Children's Code 'shall be construed to ... secure simplicity in procedure, fairness in adjudication and administration, *658 and the elimination of unjustifiable delay.' La. Ch.C. art. 102." *Id.*

*Id.*, 19-01653, p. 1, 281 So.3d at 657-58.

Accordingly, by June 12, 2025, at least 90 days lapsed since A.N. answered the State's petition. Thus, we find the district court did not abuse its discretion in dismissing this matter for untimely prosecution. The State failed to prove that a showing of "good cause" was made on the record at the April 3, 2025 hearing and/or that an extension of time was granted therefor before June 11, 2025.

Lastly, we find the State's argument that A.N. acquiesced to scheduling an adjudication hearing beyond the initial expiration of the art. 877 time limitation in this matter and thus, waived the 90-day limitation period *altogether*, to be meritless. The State's reliance upon *R.W., supra,* in support of this argument is misplaced. The *R.W.* Court's holdings do not stand for the proposition that acquiescence to one extension of time past art. 877's limitation period bars juveniles from raising future motions for dismissal for untimely prosecution. Accordingly, the 90-day limitation period can only be extended for "good cause", not waived. Moreover, under the unique facts presented, when the adjudication hearing was set—for June 17, 2025 a date beyond the statutory limitation period—at the April 2, 2025 hearing, A.N. was unable to object on the record because a court reporter was not present.

10

**DECREE**

For the foregoing reasons, the July 10, 2025 juvenile court judgment granting Appellee, juvenile A.N.'s, Motion to Dismiss Petition for Failure to Timely Prosecute, is affirmed.

**AFFIRMED**